1  TOWNSEND AND TOWNSEND AND CREW LLP
   MARC M. GORELNIK (State Bar No. 166833)
2  JUDITH M. SCHVIMMER (State Bar No. 230285)
   Two Embarcadero Center, 8th Floor
3  San Francisco, California 94111
   Telephone: 415.576.0200
4  Facsimile: 415.576.0300
   Email: mmgorelnik@townsend.com
5         jmschvimmer@townsend.com

6  LOEB & LOEB LLP
   BARRY I. SLOTNICK
7  BRYAN I. REYHANI
   345 Park Avenue
8  New York, NY 10154-0037
   Telephone: 212.407.4000
9
   Attorneys for Plaintiff
10 Steerpike Productions, Inc.

11

12                     UNITED STATES DISTRICT COURT

13                    NORTHERN DISTRICT OF CALIFORNIA

14                            OAKLAND DIVISION

15

16 STEERPIKE PRODUCTIONS, INC.,            Case No. C07-02989 RMW

17                 Plaintiff,

18         v.                               **COMPLAINT**

19 JOHN DOES 1-100, JANE DOES 1-100,
   and XYZ COMPANIES 1-100,
20
                   Defendants.
21

COMPLAINT
Case No. _____

Plaintiff Steerpike Productions, Inc. ("SPI"), by its attorneys Townsend and Townsend and Crew LLP, and Loeb & Loeb LLP, complaining of Defendants herein, alleges as follows:

## NATURE OF THE ACTION

1. This action arises under the Lanham Trademark Act of 1946, 15 U.S.C. § 1051 *et seq.* (the "Lanham Act"), under Section 3344(a) of the California Civil Code, and under the common law of the State of California.

## JURISDICTION AND VENUE

2. This Court has jurisdiction of the claims herein pursuant to Sections 1331 and 1338 of the Judicial Code, 28 U.S.C. §§ 1331 and 1338, and through the Court's pendent jurisdiction. Venue is proper under 28 U.S.C. § 1391 because the Defendants are subject to personal jurisdiction in this district.

## INTRADISTRICT ASSIGNMENT

3. This action should be assigned to this Court's Oakland Division on the basis that a substantial part of the events giving rise to this action have occurred, and will occur, in Alameda County, and Defendants will be present in Alameda County upon service of this Complaint.

## PARTIES

4. Steerpike Productions, Inc. ("SPI") is a Delaware corporation having its principal place of business at 250 West 57th Street, 11th Floor, Suite 1101, New York, New York 10107. Pursuant to an agreement (the "Agreement") between SPI and the world-famous musical group known as THE POLICE (the "Artist"), SPI has been granted an exclusive license to use, or authorize the use of, the Artist's name, logos, likenesses and trademarks (collectively, the "Trademark") on and in connection with various types of music-related merchandise sold and offered for sale in the vicinity of the Artist's concert performances on its current North American concert tour (the "Tour"). The merchandise that will be offered for sale by SPI at the Artist's concerts includes, without limitation, tour and program books, T-shirts, jerseys, sweatshirts, hats, visors, buttons, and posters (collectively, the "Tour Merchandise").

5. The Artist's name has been used for years to identify it as a rock music group in all phases of the entertainment industry and to distinguish the Artist from all other such groups.

6. The identities of John and Jane Does 1-100, and XYZ Companies 1-100 are not presently known and this Complaint will be amended to include the names of such individuals and entities when identified. Upon information and belief, Defendants will be present in and about the Northern District of California, in connection with the Artist's concert scheduled to be held at the McAfee Coliseum in Oakland, California on June 13, 2007 (the "Oakland Show"). Defendants, therefore, will be subject to this Court's jurisdiction.

### FIRST CAUSE OF ACTION
### (LANHAM ACT)

7. SPI repeats and realleges each allegation set forth in paragraphs 1 through 6 above.

8. The Artist has used its name and Trademark to identify officially authorized goods and services and to distinguish the Artist from other musical performing groups. The Artist has, among other things, prominently displayed the Trademark in advertising and promotional material and on compact disc and audiotape boxes and merchandise, including Tour Merchandise. SPI and the Artist have realized, and expect to realize, substantial income from the sale of merchandise bearing the Artist's Trademark (including the Tour Merchandise), and hundreds of thousands of such items have been sold throughout the United States.

9. As a result of the foregoing, the Artist's Trademark has developed and now possesses secondary and distinctive meaning to purchasers of the Tour Merchandise.

10. The Artist has achieved wide renown during its career in the music industry. The Artist's Trademark has been used in interstate commerce on and for the purpose of identifying, among other things, Tour Merchandise, including T-shirts and other apparel.

11. The Artist has a decidedly strong and loyal following among concert goers and record buyers. The Artist has appeared — and will appear — in concerts at major arenas and stadiums in the United States and around the world and has been seen and heard in concert by millions of popular music enthusiasts.

12. The Artist commenced its Tour on May 28, 2007, and will continue with shows at major venues throughout the United States and Canada through August 2007, including the Oakland

Show.  This Tour is the first North American tour by the Artist since its 1984 "Synchronicity" concert tour.

13.    Pursuant to the Agreement, SPI is exclusively authorized to distribute, and intends to distribute, Tour Merchandise at or near the site of the Artist's concerts, including the Oakland Show.

14.    Upon information and belief, Defendants have engaged, and will continue to engage, in the unauthorized manufacture, distribution, and sale of inferior merchandise bearing the Artist's Trademark (the "Bootleg Merchandise") in the vicinity of the Artist's concerts.  SPI believes that the Defendant bootleggers and counterfeiters will sell — or attempt to sell — Bootleg Merchandise at the Oakland Show and subsequent concerts.

15.    The Bootleg Merchandise is of the same general appearance as the Tour Merchandise and is likely to confuse prospective purchasers as to the source or sponsorship of such Bootleg Merchandise.

16.    Upon information and belief, the Bootleg Merchandise is generally of inferior quality. The sale of such merchandise is likely to injure the reputation of the Artist and SPI, which has developed by virtue of the Artist's public performances and the reputation for high quality associated with the Tour Merchandise.

17.    The manufacture, distribution and sale of Bootleg Merchandise by Defendants, and those acting in concert with Defendants, constitutes a false designation of the source of origin of such goods and falsely describes and represents such merchandise, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

18.    The aforesaid acts by Defendants, and those acting in concert with Defendants, are likely to cause the purchasing public to believe that the sale of such Bootleg Merchandise is authorized, sponsored or approved by the Artist and SPI and that such Bootleg Merchandise is subject to the same quality control and regulation required by the Artist and SPI.

19.    The use by Defendants and others of the Artist's Trademark constitutes an attempt to palm off and appropriate to themselves the Artist's and SPI's exclusive rights therein.

20.    Upon information and belief, Defendants, and those acting in concert with Defendants, have engaged — and will continue to engage — in such unauthorized activities in this state and

elsewhere in interstate commerce and are likely to continue such activities throughout the Tour, to the great injury of SPI and the Artist.

21. SPI has no adequate remedy at law and has suffered, and will continue to suffer, irreparable harm and damage as a result of Defendants' aforesaid acts, which, if not enjoined, will cause injury and monetary loss in an amount presently incalculable.

**SECOND CAUSE OF ACTION**
**(Unfair Competition)**

22. SPI repeats and realleges each allegation set forth in paragraphs 1 through 21 above.

23. Upon information and belief, the aforesaid acts by Defendants and others have been, and will continue to be, committed with full knowledge of the rights of SPI and the Artist, and have the effect of misleading and confusing the public and misappropriating and trading upon the property rights, goodwill, and reputation inhering to the name and likeness of the Artist.

24. Such misappropriation and unfair competition will interfere with SPI's rights and ability to exploit the commercial value of the Artist's Trademark.

25. SPI has no adequate remedy at law and has suffered, and will continue to suffer, irreparable harm and damage as a result of Defendants' aforesaid acts, which, if not enjoined, will cause injury and monetary loss in an amount presently incalculable.

**THIRD CAUSE OF ACTION**
**(Right of Publicity Cal. Civ. Code § 3344)**

26. SPI repeats and realleges each allegation set forth in paragraphs 1 through 25 above.

27. The aforesaid acts by Defendants and those acting in concert with Defendants involve the knowing use of the Artist's name and/or likeness without consent in violation of California Civil Code Section 3344(a).

28. SPI has no adequate remedy at law and has suffered, and will continue to suffer, irreparable harm and damage as a result of Defendants' aforesaid acts, which, if not enjoined, will cause injury and monetary loss in an amount presently incalculable.

## FOURTH CAUSE OF ACTION
### (Common Law Right of Publicity)

29. SPI repeats and realleges each allegation set forth in paragraphs 1 through 28 above.

30. By virtue of the expenditures of time, effort, and talent by the Artist and SPI in advertising, publicizing and promoting the accomplishments of the Artist and through extensive commercial exploitation of its public persona, the Artist and SPI have created rights of publicity in the Artist's name.

31. Defendants have used, and will continue to use, the Artist's Trademarks without authorization and for purposes of trade and for other commercial purposes.

32. The aforesaid uses of the Trademark by Defendants constitute infringements of such rights of publicity.

33. SPI has no adequate remedy at law and has suffered, and will continue to suffer, irreparable harm and damage as a result of Defendants' aforesaid acts, which, if not enjoined, will cause injury and monetary loss in an amount presently incalculable.

## PRAYER FOR RELIEF

WHEREFORE, SPI seeks relief as follows:

1. That Defendants, their agents, servants, employees, officers, attorneys, successors, and assigns, and all persons acting in concert with Defendants, or on their behalf, be enjoined, in this and all other judicial districts in the United States, preliminarily during the course of this litigation and permanently, from:

    (a) manufacturing, distributing, selling, offering for sale, holding for sale or advertising any products bearing the name, trademark, or likeness of the Artist or any colorable variation thereof;

    (b) representing that any article of merchandise manufactured, distributed, sold, held for sale or advertised by them is sponsored or authorized by SPI in this district or in any other district in which SPI seeks to enforce this Court's injunction order.

2. That this Court authorize the United States Marshal, authorized agents of SPI, the local and state police, and/or any persons acting under their supervision, to seize and impound any and all Bootleg Merchandise which the Defendants attempt to sell, distribute or hold for sale at, within, or in

the vicinity of the arenas at which the Artist is performing, before, during or after said concerts.

3. That Defendants deliver up for destruction all Bootleg Merchandise bearing the name, trademark, or likeness of the Artist.

4. That Defendants pay to SPI damages in an amount to be determined based upon SPI's loss of income from Defendants' unauthorized activities.

5. That SPI have such other and further relief as the Court deems to be reasonable, necessary, and just.

DATED: June 8, 2007

Respectfully submitted,

TOWNSEND AND TOWNSEND AND CREW LLP

By: _____
Marc M. Gorelnik

Attorneys for Plaintiff
Steerpike Productions, Inc.

61069681 v1