# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| RST (2005), INC., | ) | |
| Plaintiff, | ) | Case No. 05-11680 (WGY) |
| | ) | |
| v. | ) | **PERMANENT INJUNCTION** |
| | ) | **AND ORDER OF SEIZURE** |
| WILLIAM L. CASEY, DAVID GEBER, | ) | |
| MATTHEW HIGGINS, JAMES M. SBARRA, | ) | |
| "AL", "BERRY", "MEGAN", "SMITTY", | ) | |
| JOHN DOES 1-100, JANE DOES 1-100, XYZ | ) | |
| COMPANIES 1-100, | ) | |
| Defendants. | ) | |

Plaintiff having moved for an injunction enjoining and restraining the defendants, and

those acting in concert with them, from manufacturing, selling and/or distributing merchandise

bearing the name, logo, likeness, and trademarks (collectively, the "Trademarks") of the musical

performing group professionally known as THE ROLLING STONES (the "Artist"), and service

of the summons and complaint having been effected upon the defendants; and plaintiff's motion

for a preliminary injunction and order of seizure having come on for a hearing before the

Honorable William G. Young, United States District Judge, on the 6th day of September, 2005,

at the Moakley U.S. Courthouse, One Courthouse Way, Boston, Massachusetts 02210, in

Courtroom 18, and defendants having been notified of said hearing, and plaintiff having

appeared by its counsel, and all defendants having failed to appear;

{B0438951; 1}

NOW, on presentation and consideration of plaintiff's application for a preliminary and permanent injunction and order of seizure, the declarations and affidavits submitted in support thereof, and the entire record in this case, the Court finds as follows:

1.    Defendants' William L. Casey, David Geber, Matthew Higgins, James M. Sbarra, "Al", "Berry", "Megan" and "Smitty" ("named defendants") are in default for failing to appear for hearing after notice.

2.    By reason of the long, substantial and continuous use of the Artist's name, the said name has acquired a meaning identified with the Artist and with products and services associated with them;

3.    The named defendants, and those acting in concert or participation with them, have infringed upon plaintiff's and the Artist's rights in the Artist's Trademarks and rights of publicity, and have as well committed acts of unfair competition against the plaintiff and the Artist, by manufacturing, distributing, offering for sale, and selling unauthorized merchandise bearing the Artist's Trademarks (the "Infringing Merchandise") at or near the sites of the Artist's concerts, without having obtained a license or any other authorization to do so;

4.    The said acts of the named defendants, and those acting in concert or participation with them, constitute a violation of the Lanham Act, 15 U.S.C. § 1125(a), in that they:

      (a)    involve goods or services;

      (b)    are activities which affect interstate commerce; and

      (c)    are likely to cause confusion or deception as to the origin of the Infringing Merchandise in that they falsely represent that such merchandise is made by, sponsored by, or otherwise associated with the Artist or the plaintiff;

5.    The named defendants, and those acting in concert or participation with them, will continue to sell such unauthorized Infringing Merchandise in connection with the Artist's concerts unless enjoined by the Court; and

{B0438951; 1}

6.     Copies of the Court's August 19, 2005 Temporary Restraining Order and Order of Seizure, and the summons and complaint, have been served upon the named defendants, and Infringing Merchandise has been obtained from the named defendants;

NOW, THEREFORE, IT IS HEREBY ORDERED that the named defendants, their agents, servants, employees, attorneys, successors, assigns, and all persons, firms, and corporations acting in concert or participation with said named defendants, are permanently enjoined and restrained from:

(i)    Using the Artist's Trademarks in connection with the sale, offering for sale, distribution, or advertising of any clothing or other merchandise; or

(ii)   Manufacturing, distributing, selling, or holding for sale any clothing or other merchandise which carries or otherwise uses the Artist's Trademarks; or

(iii)  Aiding, abetting, inducing, or encouraging another to perform any of the acts enjoined herein.

IT IS FURTHER ORDERED that the United States Marshal for this district and the United States Marshal for any district in which plaintiff seeks to enforce this order, upon plaintiff's advancing such sum as is required to cover their fees and expenses, or local law enforcement officials, plaintiff's counsel, representatives, or individuals acting under their respective authorization or supervision, are authorized, and the appropriate local or state police and other law enforcement authorities are hereby similarly authorized, to seize and impound any and all Infringing Merchandise bearing the Artist's Trademarks which any of the named defendants, or any of their agents, servants, employees, successors and assigns, and all those acting in concert or participation with any of them, attempt to sell or are holding for sale in the vicinity of the Artist's concerts or elsewhere where such Infringing Merchandise is being sold,

{B0438951; 1}

held for sale, or is otherwise found, including any carton, bag, container, or other means of carriage in which the Infringing Merchandise is transported or stored.

**IT IS FURTHER ORDERED** that such confiscated merchandise shall be delivered to plaintiff's counsel or representatives, or their designees, pending final disposition of this action. All clothing, jewelry, photographs, posters and other merchandise bearing the Artist's Trademarks which is sold, or held for sale, in the vicinity of the Artist's performance locations, or elsewhere where such merchandise is held for sale or otherwise found, shall be deemed to be merchandise subject to the seizure provisions of this order.

**IT IS FURTHER ORDERED** that this permanent injunction is conditioned upon personal service of a copy of this order and the summons and complaint being made upon the named defendants or other persons enjoined hereby contemporaneously with the seizure authorized herein.

**IT IS FURTHER ORDERED** that the injunctive and seizure provisions of this order shall expire upon conclusion of the Artist's concert performance tour, unless otherwise extended by further order of this Court.

**IT IS FURTHER ORDERED** that the undertaking in the amount of $25,000.00 heretofore deposited with the Clerk of this Court to secure payment of costs incurred in enforcing the provisions of the temporary restraining order is hereby continued until final disposition of this matter or further order of this Court.

_William G. Young_
U.S. DISTRICT JUDGE

Dated:    September _7_, 2005

- 4 -

{B0438951; 1}



UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| RST (2005), INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 05-11680WGY |
| | ) | |
| v. | ) | TEMPORARY RESTRAINING ORDER |
| | ) | AND ORDER OF SEIZURE |
| JOHN DOES 1-100, JANE DOES 1-100, | ) | |
| AND XYZ COMPANIES 1-100, | ) | |
| | ) | |
| Defendants. | ) | |

Upon the summons and complaint, the declarations of Barry I. Slotnick and Nick

Jones, the memorandum of law, and such other matters and argument presented to the Court, and

good cause having been shown;

**IT IS HEREBY ORDERED** that defendants, various John Does, Jane Does, and

XYZ Companies, their true identities being unknown, show cause before this Court at The

Moakley U.S. Courthouse, One Courthouse Way, Boston, Massachusetts 02210, in Courtroom

18, on the 07th day of ~~August,~~ September 2005, at 2:00 ~~a.m.~~ p.m. or as soon thereafter as counsel can

be heard, why an order pursuant to Fed. R. Civ. P. 65 should not be entered, granting to plaintiff

a preliminary injunction enjoining the defendants John Does 1-100, Jane Does 1-100, and XYZ

Companies 1-100, their true identities being unknown, and all those acting in concert with

defendants, from the unauthorized manufacture, distribution, sale or holding for sale, of clothing,

jewelry, photographs, posters, and other merchandise (collectively the "Infringing Merchandise")

bearing the name, logo, likeness or trademark (collectively the "Trademark") of the music group known as THE ROLLING STONES (the "Artist").

AND IT APPEARING TO THE COURT that defendants, and those acting in concert with defendants, will sell and distribute, and will continue to sell and distribute, the Infringing Merchandise bearing the Artist's Trademark, as set forth in plaintiff's complaint and supporting papers, and will continue to carry out such acts unless restrained by order of the Court;

AND IT APPEARING TO THE COURT that immediate and irreparable injury, loss or damage will result to the plaintiff before defendants can be identified and given notice and their attorneys can be heard in opposition to the granting of the temporary restraining order, in that the defendants will manufacture, distribute, and sell infringing merchandise, and will continue to do so, and that, unless said defendants are enjoined from said manufacture, distribution, and sale, the plaintiff will suffer immediate and irreparable injury and harm in the form of lost income, lessening and dilution of the value of the Artist's Trademark, interference with plaintiff's ability to exploit, market, and license its merchandising rights respecting the Artist's Trademark, confusion in the marketplace as to the duly authorized source of the Infringing Merchandise, and impairment of the good will the Artist, the plaintiff and plaintiff's licensees have in the Artist's Trademark;

IT IS HEREBY ORDERED that, pending a hearing and determination of this application, the defendants and their agents, servants, employees, attorneys, successors, and assigns, and all persons, firms and corporations acting in concert with said defendants, be and hereby are temporarily restrained from manufacturing, distributing, and selling the Infringing Merchandise bearing the Artist's Trademark; and

-2-

IT IS FURTHER ORDERED that the United States Marshal for this district, or any district in which plaintiff enforces this order, the state and the local police, local deputy sheriffs, counsel for plaintiff, plaintiff's representatives, and persons acting under their supervision, are hereby authorized to seize and impound any and all Infringing Merchandise bearing the Artist's Trademark which defendants, or those acting in concert with defendants, attempt to sell or are holding for sale in connection with any of the Artist's concert performances (including any carton, container, or other means of carriage in which the Infringing Merchandise is found); and

IT IS FURTHER ORDERED that this temporary restraining order be and is hereby conditioned upon plaintiff's filing with the Clerk of this Court an undertaking in the form of a bond, check, or cash in the amount of $~~10,000.00~~ 25,000.00, to secure the payment of such costs and damages, not to exceed such sum, as may be suffered or sustained by any party who is wrongfully restrained hereby; and

IT IS FURTHER ORDERED that this temporary restraining order is conditioned upon the plaintiff advancing to the United States Marshal such sum as is required to cover the fees for their said services, in the event plaintiff seeks the services of the United States Marshal in this or any other district; and

IT IS FURTHER ORDERED that service of copies of this Order to Show Cause, together with the summons and complaint, be made upon the defendants by the United

[B0431027.1]

States Marshal, state or local police, local deputy sheriffs, or by any person over the age of

eighteen (18) years not a party to this action selected for that purpose by the plaintiff, at the time

any seizure provided herein is effected.



U.S. DISTRICT JUDGE

Dated: Boston, Massachusetts
     August 19, 2005
    11:12 (a.m.)/p.m.

{B0431927.1}

Courtesy Copy
**DO NOT SCAN**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| RST (2005), INC., | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| JOHN DOES 1-100, JANE DOES 1-100, | ) |
| AND XYZ COMPANIES 1-100, | ) |
|  | ) |
| Defendants. | ) |
|  | ) |

Civil Action No. 05-11680WGY

MOTION FOR
PRELIMINARY INJUNCTION
WITH TEMPORARY RESTRAINING
ORDER AND ORDER OF SEIZURE

Pursuant to Fed. R. Civ. P. 65, Plaintiff RST (2005), Inc. ("Plaintiff"); moves this Court to issue an order, ex parte, substantially in the form attached hereto as Exhibit A, temporarily restraining and, after hearing, preliminarily enjoining the defendants John Does 1-100, Jane Does 1-100, and XYZ Companies, their true identities being unknown, and acting in concert with the defendants, from the unauthorized manufacture, distribution, sale or holding for sale, of clothing jewelry, photographs, posters, and other merchandise (collectively the "Infringing Merchandise") bearing the name, logo, likeness or trademark (collectively "Trademark") of the music group known as THE ROLLING STONES (the "Artist"), and further authorizing the United States Marshal for this district, or any district in which plaintiff enforces such order, the state and the local police, local deputy sheriffs, counsel for plaintiff, representatives, and persons acting under their supervision, to seize and impound any and all Infringing Merchandise bearing the Artist's Trademark which the defendants, or those in concert with the defendants, attempt to sell or are holding for sale in connection with any of the Artist's concert performances (including any carton, container, or other means of carriage which the Infringing Merchandise is found).

[B0431921-1]

# Exhibit B

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

**FILED**

APR 2 2 2004

JOHN M. WATERS, CLERK
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

| | | |
|---|---|---|
| PAISLEY PARK INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -against- | ) | Civil Action No. 2004-CV-2067 |
| | ) | |
| VARIOUS JOHN DOES, JANE DOES, AND | ) | |
| XYZ COMPANIES, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER OF PRELIMINARY INJUNCTION AND ORDER OF SEIZURE

Plaintiff having moved by Order to Show Cause for an injunction enjoining and restraining the defendants, and those acting in concert with them, from manufacturing, selling and/or distributing merchandise bearing the name, logo, likeness, and trademarks (collectively, the "Trademarks") of the musical performing artist professionally known as PRINCE (the "Artist"), and service of the summons and complaint having been effected upon the defendants; and plaintiff's application for a preliminary injunction and order of seizure having come on for a hearing before the Hon. Michael P. McCuskey, United States District Judge, on the 22nd day of April, 2004, at the United States District Court for the Central District of Illinois, 201 South Vine Street, Courtroom A, Urbana, Illinois 61801, and defendants having been notified of said hearing, and plaintiff having appeared by its counsel, and there having been no other appearances;

NOW, on presentation and consideration of plaintiff's application for a preliminary injunction and order of seizure, the declarations and affidavits submitted in support thereof, and the entire record in this case, the Court finds as follows:

NYJ322270 1

1.    By reason of the long, substantial and continuous use of the Artist's name, the said name has acquired a meaning identified with the Artist and with products and services associated with them;

2.    The defendants, and those acting in concert or participation with them, have infringed upon plaintiff's and the Artist's rights in the Artist's Trademarks and rights of publicity, and have as well committed acts of unfair competition against the plaintiff and the Artist, by manufacturing, distributing, offering for sale, and selling unauthorized merchandise bearing the Artist's Trademarks (the "Infringing Merchandise") at or near the sites of the Artist's concerts, without having obtained a license or any other authorization to do so;

3.    The said acts of the defendants, and those acting in concert or participation with them, constitute a violation of the Lanham Act, 15 U.S.C. § 1125(a), in that they:

    (a) involve goods or services;

    (b) are activities which affect interstate commerce; and

    (c) are likely to cause confusion or deception as to the origin of the Infringing Merchandise in that they falsely represent that such merchandise is made by, sponsored by, or otherwise associated with the Artist or the plaintiff;

4.    Defendants, and those acting in concert or participation with them, will continue to sell such unauthorized Infringing Merchandise in connection with the Artist's concerts unless enjoined by the Court; and

5.    Plaintiff will suffer immediate and irreparable injury to its rights and to the Trademarks without a preliminary injunction and plaintiff has shown a likelihood of success on the merits of its claim and that a balance of the equities are decidedly in its favor; and

6.    Copies of the Court's April 8, 2004 Order to Show Cause, the summons and complaint and supporting declarations and Memorandum of Law, have been served upon the defendants, and Infringing Merchandise has been obtained from the defendants;

NOW, THEREFORE, IT IS HEREBY ORDERED that defendants, their agents, servants, employees, attorneys, successors, assigns, and all persons, firms, and corporations acting in concert or participation with said defendants, are enjoined and restrained from:

Using the Artist's Trademarks in connection with the sale, offering for sale, distribution, or advertising of any clothing or other merchandise; or

Manufacturing, distributing, selling, or holding for sale any clothing or other merchandise which carries or otherwise uses the Artist's Trademarks; or

Aiding, abetting, inducing, or encouraging another to perform any of the acts enjoined herein.

IT IS FURTHER ORDERED that the United States Marshal for this district and the United States Marshal for any district in which plaintiff seeks to enforce this order, upon plaintiff's advancing such sum as is required to cover their fees and expenses, or local law enforcement officials, plaintiff's counsel, representatives, or individuals acting under their respective authorization or supervision, are authorized, and the appropriate local or state police and other law enforcement authorities are hereby similarly authorized, to seize and impound any and all Infringing Merchandise bearing the Artist's Trademarks which defendants, or their agents, servants, employees, successors and assigns, and all those acting in concert or participation with them, attempt to sell or are holding for sale in the vicinity of the Artist's concerts or elsewhere where such Infringing Merchandise is being sold, held for sale, or is otherwise found, including any carton, bag, container, or other means of carriage in which the Infringing Merchandise is transported or stored.

NY322270.1

3

IT IS FURTHER ORDERED that such confiscated merchandise shall be delivered to plaintiff's counsel or representatives, or their designees, pending final disposition of this action. All clothing, jewelry, photographs, posters and other merchandise bearing the Artist's Trademarks which is sold, or held for sale, in the vicinity of the Artist's performance locations, or elsewhere where such merchandise is held for sale or otherwise found, shall be deemed to be merchandise subject to the seizure provisions of this order.

IT IS FURTHER ORDERED that this preliminary injunction is conditioned upon personal service of a copy of this order and the summons and complaint being made upon the defendants or other persons enjoined hereby contemporaneously with the seizure authorized herein.

IT IS FURTHER ORDERED that all unauthorized items heretofore or hereafter seized in this action be delivered up to the plaintiff, or to plaintiff's authorized representative, pending final disposition of this matter.

IT IS FURTHER ORDERED that the injunctive and seizure provisions of this order shall expire upon conclusion of the Artist's concert performance tour, unless otherwise extended by further order of this Court.

IT IS FURTHER ORDERED that the undertaking in the amount of $10,000.00 heretofore deposited with the Clerk of this Court to secure payment of costs incurred in enforcing the provisions of the temporary restraining order is hereby continued until final disposition of this matter or further order of this Court.

_____
U.S. DISTRICT JUDGE

Dated:        Urbana, Illinois
              April 22, 2004

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

**FILED**

APR 0 8 2004

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
A TRUE COPY URBANA, IL
ATTEST:
JOHN M. WATERS, CLERK
BY:
*Marilyn K Talbott*
DEPUTY CLERK
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
DATE: _4-8-04_

PAISLEY PARK INC., )
)
Plaintiff, )
)
-against- )  Civil Action No.
)
VARIOUS JOHN DOES, JANE DOES, AND )
XYZ COMPANIES, )
)
Defendants. )

ORDER TO SHOW CAUSE ON MOTION FOR
PRELIMINARY INJUNCTION WITH TEMPORARY
RESTRAINING ORDER AND ORDER OF SEIZURE

Upon the summons and complaint, the accompanying declarations of ~~Nerissa C.~~ *Douglas N.* *Masters* ~~McGinn~~, Esq. and William Stone, the exhibits annexed thereto, the memorandum of law, and such other matters and argument presented to the Court, and good cause having been shown;

**IT IS HEREBY ORDERED** that defendants, Various John Does, Jane Does, and XYZ Companies, their true identities being unknown, show cause before this Court, 201 South Vine Street, Urbana, Illinois 61801, in Courtroom _A_, on the 22nd day of _April_, 2004, at _3⁰⁰_ a.m./p.m., or as soon thereafter as counsel can be heard, why an order pursuant to Fed. R. Civ. P. 65 should not be entered, granting to plaintiff a preliminary injunction enjoining the defendants Various John Does, Jane Does, and XYZ Companies, their true identities being unknown, and all those acting in concert with defendants, from the unauthorized manufacture, distribution, sale or holding for sale, of clothing, jewelry, photographs, posters, and other

NY320230.1

merchandise (collectively the "Infringing Merchandise") bearing the name, logo, likeness or

trademark (collectively the "Trademark") of the musical artist known as PRINCE (the "Artist").

AND IT APPEARING TO THE COURT that defendants, and those acting in

concert with defendants, have sold, and will continue to sell and distribute, the Infringing

Merchandise bearing the Artist's Trademark, as set forth in plaintiff's complaint and supporting

papers, and will continue to carry out such acts unless restrained by order of the Court;

AND IT APPEARING TO THE COURT that immediate and irreparable injury,

loss or damage will result to the plaintiff before defendants can be identified and given notice

and their attorneys can be heard in opposition to the granting of the temporary restraining order,

in that the defendants will manufacture, distribute, and sell infringing merchandise, and will

continue to do so, and that, unless said defendants are enjoined from said manufacture,

distribution, and sale, the plaintiff will suffer immediate and irreparable injury and harm in the

form of lost income, lessening and dilution of the value of the Artist's Trademark, interference

with plaintiff's ability to exploit, market, and license its merchandising rights respecting the

Artist's Trademark, confusion in the marketplace as to the duly authorized source of the

Infringing Merchandise, and impairment of the good will plaintiff and its licensors have in the

Artist's Trademark;

IT IS HEREBY ORDERED that, pending a hearing and determination of this

application, or the expiration of ten (10) days from the date hereof, whichever shall first occur,

the defendants and their agents, servants, employees, attorneys, successors, and assigns, and all

persons, firms and corporations acting in concert with said defendants, be and hereby are

temporarily restrained from manufacturing, distributing, and selling the Infringing Merchandise

bearing the Artist's Trademark; and

**IT IS FURTHER ORDERED** that the United States Marshal for this district, or any district in which plaintiff enforces this order, the state and the local police, local deputy sheriffs, counsel for plaintiff, plaintiff's representatives, and persons acting under their supervision, are hereby authorized to seize and impound any and all Infringing Merchandise bearing the Artist's Trademark which defendants, or those acting in concert with defendants, attempt to sell or are holding for sale in connection with any of the Artist's concert performances (including any carton, container, or other means of carriage in which the Infringing Merchandise is found) from twenty-four (24) hours before to eight (8) hours after any concert performance of the Artist, and within a twenty-five (25) mile radius of any concert performance of the Artist, including but not limited to the Artist's concert at the Assembly Hall in Champaign, Illinois on April 10, 2004; and

**IT IS FURTHER ORDERED** that this temporary restraining order be and is hereby conditioned upon plaintiff's filing with the Clerk of this Court an undertaking in the form of a bond, check, or cash in the amount of $10,000.00, to secure the payment of costs and damages, not to exceed such sum, as may be suffered or sustained by any party who is wrongfully restrained hereby; and

**IT IS FURTHER ORDERED** that this temporary restraining order is conditioned upon the plaintiff advancing to the United States Marshal such sum as is required to cover the fees for their said services, in the event plaintiff seeks the services of the United States Marshal in this or any other district; and

**IT IS FURTHER ORDERED** that service of copies of this Order to Show Cause, together with the summons and complaint, be made upon the defendants by the United States Marshal, state or local police, local deputy sheriffs, or by any person over the age of

eighteen (18) years not a party to this action selected for that purpose by the plaintiff, at the time any seizure provided herein is effected.

_Michael P. McCuskey_
U.S.D.J.

Dated:    Urbana, Illinois
          April 8, 2004
          2:22 a.m./p.m.

# Exhibit C

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GRATEFUL DEAD PRODUCTIONS,

          Plaintiff,                     Case No. 04-C-699

    vs.

JOHN DOES 1-100, JANE DOES 1-100, and XYZ COMPANIES 1-100,

          Defendant.

## PRELIMINARY INJUNCTION ORDER AND ORDER OF SEIZURE

Plaintiff having moved by Order to Show Cause for an injunction enjoining and restraining the defendants, and those acting in concert with them, from manufacturing, selling and/or distributing merchandise bearing the name, logo, likeness, and trademarks (collectively, the "Trademarks") of the musical performing group professionally known as THE DEAD (Mickey Hart, Bill Kreutzmann, Phil Lesh, Bob Weir, Jeff Chimenti, Jimmy Herring and Warren Haynes) or the former musical groups of such musicians including, but not limited to, THE GRATEFUL DEAD (collectively referred to as the "Artist"), and service of the summons and complaint having been effected upon the defendants; and plaintiff's application for a preliminary injunction and order of seizure having come on for a hearing before the Honorable Rudolph T. Randa, United States District Judge, on the 4th day of August, 2004, at the United States District Courthouse, Milwaukee Division, 362 United States Courthouse, 517 East Wisconsin Avenue, Milwaukee, Wisconsin 53202, and defendants having been notified of said hearing, and plaintiff having appeared by its counsel, and there having been no other appearances;

**NOW**, on presentation and consideration of plaintiff's application for a preliminary injunction and order of seizure, the declarations and affidavits submitted in support thereof, and the entire record in this case, the Court finds as follows:

1.     By reason of the long, substantial and continuous use of the Artist's name, the said name has acquired a meaning identified with the Artist and with products and services associated with them;

2.     The defendants, and those acting in concert or participation with them, have infringed upon plaintiff's and the Artist's rights in the Artist's Trademarks and rights of publicity, and have as well committed acts of unfair competition against the plaintiff and the Artist, by manufacturing, distributing, offering for sale, and selling unauthorized merchandise bearing the Artist's Trademarks (the "Infringing Merchandise") at or near the sites of the Artist's concerts, without having obtained a license or any other authorization to do so;

3.     The said acts of the defendants, and those acting in concert or participation with them, constitute a violation of the Lanham Act, 15 U.S.C. § 1125(a), in that they:

(a)     involve goods or services;

(b)     are activities which affect interstate commerce; and

(c)     are likely to cause confusion or deception as to the origin of the Infringing Merchandise in that they falsely represent that such merchandise is made by, sponsored by, or otherwise associated with the Artist or the plaintiff;

4.     Defendants, and those acting in concert or participation with them, will continue to sell such unauthorized Infringing Merchandise in connection with the Artist's concerts unless enjoined by the Court; and

Page -2-

5.    Copies of the Court's July 21, 2004 Order to Show Cause, the summons and complaint and supporting declarations and Memorandum of Law, have been served upon the defendants, and Infringing Merchandise has been obtained from the defendants;

**NOW, THEREFORE, IT IS HEREBY ORDERED** that defendants, their agents, servants, employees, attorneys, successors, assigns, and all persons, firms, and corporations acting in concert or participation with said defendants, are enjoined and restrained from:

(i) Using the Artist's Trademarks in connection with the sale, offering for sale, distribution, or advertising of any clothing or other merchandise; or

(ii) Manufacturing, distributing, selling, or holding for sale any clothing or other merchandise which carries or otherwise uses the Artist's Trademarks; or

(iii) Aiding, abetting, inducing, or encouraging another to perform any of the acts enjoined herein.

**IT IS FURTHER ORDERED** that the United States Marshal for this district and the United States Marshal for any district in which plaintiff seeks to enforce this order, upon plaintiff's advancing such sum as is required to cover their fees and expenses, or local law enforcement officials, plaintiff's counsel, representatives, or individuals acting under their respective authorization or supervision, are authorized, and the appropriate local or state police and other law enforcement authorities are hereby similarly authorized, to seize and impound any and all Infringing Merchandise bearing the Artist's Trademarks which defendants, or their agents, servants, employees, successors and assigns, and all those acting

in concert or participation with them, attempt to sell or are holding for sale in the vicinity of the Artist's concerts or elsewhere where such Infringing Merchandise is being sold, held for sale, or is otherwise found, including any carton, bag, container, or other means of carriage in which the Infringing Merchandise is transported or stored.

      **IT IS FURTHER ORDERED** that such confiscated merchandise shall be delivered to plaintiff's counsel or representatives, or their designees, pending final disposition of this action. All clothing, jewelry, photographs, posters and other merchandise bearing the Artist's Trademarks which is sold, or held for sale, in the vicinity of the Artist's performance locations, or elsewhere where such merchandise is held for sale or otherwise found, shall be deemed to be merchandise subject to the seizure provisions of this order.

      **IT IS FURTHER ORDERED** that this preliminary injunction is conditioned upon personal service of a copy of this order and the summons and complaint being made upon the defendants or other persons enjoined hereby contemporaneously with the seizure authorized herein.

      **IT IS FURTHER ORDERED** that all unauthorized items heretofore or hereafter seized in this action be delivered up to the plaintiff, or to plaintiff's authorized representative, pending final disposition of this matter.

      **IT IS FURTHER ORDERED** that the injunctive and seizure provisions of this order shall expire upon conclusion of the Artist's concert performance tour, unless otherwise extended by further order of this Court.

**IT IS FURTHER ORDERED** that the undertaking in the amount of $20,000.00 heretofore deposited with the Clerk of this Court to secure payment of costs incurred in enforcing the provisions of the temporary restraining order is hereby continued until final disposition of this matter or further order of this Court.

Dated at Milwaukee, Wisconsin, this 9th day of August, 2004.


/s/ Rudolph T. Randa
HON. RUDOLPH T. RANDA
Chief Judge

# Exhibit D

JUL-07-2004  11:34    US DISTRICT JUDGE WOLFSON            856 757 5070   P.02/05

Ronald L. Israel (RI-1658)
LOEB & LOEB LLP
345 Park Avenue
New York, New York 10154-0037
212-407-4000

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
--------------------------------------------------------X

ANTHILL TRADING LTD,                    :

          Plaintiff,              :

    -against-                            :

JOHN DOES 1-100, JANE DOES 1-100, AND   :
XYZ COMPANIES 1-100,

              :

         Defendants.               :
--------------------------------------------------------X

Case No.: 04-2919 (FLW)

**ORDER OF PRELIMINARY
INJUNCTION AND ORDER OF
SEIZURE**

Plaintiff having moved by Order to Show Cause for an injunction enjoining and

restraining the defendants, and those acting in concert with them, from manufacturing, selling

and/or distributing merchandise bearing the name, logo, likeness, and trademarks (collectively,

the "Trademarks") of the musical performing artist professionally known as STING (the

"Artist"), and service of the summons and complaint having been effected upon the defendants;

and plaintiff's application for a preliminary injunction and order of seizure having come on for

a hearing before the Honorable Freda L. Wolfson, United States District Judge, on the 6th day

of July, 2004, at 10:00 AM at the Mitchell H. Cohen Federal Building & U.S. Courthouse,

Fourth & Cooper Streets, Camden, New Jersey 08101, in Courtroom 3A, and defendants

having been notified of said hearing, and plaintiff having appeared by its counsel, and there

having been no other appearances;

       **NOW**, on presentation and consideration of plaintiff's application for a

preliminary injunction and order of seizure, the declarations and affidavits submitted in support

thereof, and the entire record in this case, the Court finds as follows:

1.    By reason of the long, substantial and continuous use of the Artist's name, the said name has acquired a meaning identified with the Artist and with products and services associated with them;

2.    The defendants, and those acting in concert or participation with them, have infringed upon plaintiff's and the Artist's rights in the Artist's Trademarks and rights of publicity, and have as well committed acts of unfair competition against the plaintiff and the Artist, by manufacturing, distributing, offering for sale, and selling unauthorized merchandise bearing the Artist's Trademarks (the "Infringing Merchandise") at or near the sites of the Artist's concerts, without having obtained a license or any other authorization to do so;

3.    The said acts of the defendants, and those acting in concert or participation with them, constitute a violation of the Lanham Act, 15 U.S.C. § 1125(a), in that they:

      (a)    involve goods or services;

      (b)    are activities which affect interstate commerce; and

      (c)    are likely to cause confusion or deception as to the origin of the Infringing Merchandise in that they falsely represent that such merchandise is made by, sponsored by, or otherwise associated with the Artist or the plaintiff;

4.    Defendants, and those acting in concert or participation with them, will continue to sell such unauthorized Infringing Merchandise in connection with the Artist's concerts unless enjoined by the Court; and

5.    Copies of the Court's June 23, 2004 Order to Show Cause, and the summons and complaint, have been served upon the defendants, and Infringing Merchandise has been obtained from the defendants;

**NOW, THEREFORE, IT IS HEREBY ORDERED** that defendants, their agents, servants, employees, attorneys, successors, assigns, and all persons, firms, and

corporations acting in concert or participation with said defendants, are enjoined and restrained from:

(i)     Using the Artist's Trademarks in connection with the sale, offering for sale, distribution, or advertising of any clothing or other merchandise; or

(ii)    Manufacturing, distributing, selling, or holding for sale any clothing or other merchandise which carries or otherwise uses the Artist's Trademarks; or

(iii)   Aiding, abetting, inducing, or encouraging another to perform any of the acts enjoined herein.

**IT IS FURTHER ORDERED** that the United States Marshal for this district and the United States Marshal for any district in which plaintiff seeks to enforce this order, upon plaintiff's advancing such sum as is required to cover their fees and expenses, or local law enforcement officials, plaintiff's counsel, representatives, or individuals acting under their respective authorization or supervision, are authorized, and the appropriate local or state police and other law enforcement authorities are hereby similarly authorized, to seize and impound any and all Infringing Merchandise bearing the Artist's Trademarks which defendants, or their agents, servants, employees, successors and assigns, and all those acting in concert or participation with them, attempt to sell or are holding for sale in the vicinity of the Artist's concerts or elsewhere where such Infringing Merchandise is being sold, held for sale, or is otherwise found, including any carton, bag, container, or other means of carriage in which the Infringing Merchandise is transported or stored.

**IT IS FURTHER ORDERED** that such confiscated merchandise shall be delivered to plaintiff's counsel or representatives, or their designees, pending final disposition of this action. All clothing, jewelry, photographs, posters and other merchandise bearing the Artist's Trademarks which is sold, or held for sale, in the vicinity of the Artist's performance

locations, or elsewhere where such merchandise is held for sale or otherwise found, shall be deemed to be merchandise subject to the seizure provisions of this order.

**IT IS FURTHER ORDERED** that this preliminary injunction is conditioned upon personal service of a copy of this order and the summons and complaint being made upon the defendants or other persons enjoined hereby contemporaneously with the seizure authorized herein.

**IT IS FURTHER ORDERED** that all unauthorized items heretofore or hereafter seized in this action be delivered up to the plaintiff, or to plaintiff's authorized representative, pending final disposition of this matter.

**IT IS FURTHER ORDERED** that the injunctive and seizure provisions of this order shall expire upon conclusion of the Artist's concert performance tour, unless otherwise extended by further order of this Court.

**IT IS FURTHER ORDERED** that the undertaking in the amount of $10,000.00 heretofore deposited with the Clerk of this Court to secure payment of costs incurred in enforcing the provisions of the temporary restraining order is hereby continued until final disposition of this matter or further order of this Court.

_____
U.S. DISTRICT JUDGE

Dated:    Camden, New Jersey
          July 7, 2004

331855v1

-4-