# Exhibit E

Ronald L. Israel (RI-1658)
LOEB & LOEB LLP
345 Park Avenue
New York, New York 10154-0037
212-407-4000

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
------------------------------------------------------------X

YESSUP TOURING, II, LLC,                    :

     Plaintiff,                    :

   -against-                    :

JOHN DOES 1-100, JANE DOES 1-100, AND    :
XYZ COMPANIES 1-100,

Defendants.                    :
------------------------------------------------------------X

Case No.: 04-2837 (DMC)

**ORDER OF PRELIMINARY INJUNCTION AND ORDER OF SEIZURE**

   Plaintiff having moved by Order to Show Cause for an injunction enjoining and restraining the defendants, and those acting in concert with them, from manufacturing, selling and/or distributing merchandise bearing the name, logo, likeness, and trademarks (collectively, the "Trademarks") of the musical performing group professionally known as VAN HALEN (the "Artist"), and service of the summons and complaint having been effected upon the defendants; and plaintiff's application for a preliminary injunction and order of seizure having come on for a hearing before the Honorable Dennis M. Cavanaugh, United States District Judge, on the 28th day of June, 2004, at 10:30 AM at the United States District Court for the District of New Jersey, 50 Walnut Street, Newark, New Jersey 07101, in Courtroom 4015, and defendants having been notified of said hearing, and plaintiff having appeared by its counsel, and there having been no other appearances;

   **NOW**, on presentation and consideration of plaintiff's application for a preliminary injunction and order of seizure, the declarations and affidavits submitted in support thereof, and the entire record in this case, the Court finds as follows:

1.    By reason of the long, substantial and continuous use of the Artist's name, the said name has acquired a meaning identified with the Artist and with products and services associated with them;

2.    The defendants, and those acting in concert or participation with them, have infringed upon plaintiff's and the Artist's rights in the Artist's Trademarks and rights of publicity, and have as well committed acts of unfair competition against the plaintiff and the Artist, by manufacturing, distributing, offering for sale, and selling unauthorized merchandise bearing the Artist's Trademarks (the "Infringing Merchandise") at or near the sites of the Artist's concerts, without having obtained a license or any other authorization to do so;

3.    The said acts of the defendants, and those acting in concert or participation with them, constitute a violation of the Lanham Act, 15 U.S.C. § 1125(a), in that they:

     (a)    involve goods or services;

     (b)    are activities which affect interstate commerce; and

     (c)    are likely to cause confusion or deception as to the origin of the Infringing Merchandise in that they falsely represent that such merchandise is made by, sponsored by, or otherwise associated with the Artist or the plaintiff;

4.    Defendants, and those acting in concert or participation with them, will continue to sell such unauthorized Infringing Merchandise in connection with the Artist's concerts unless enjoined by the Court; and

5.    Copies of the Court's June 18, 2004 Order to Show Cause, and the summons and complaint, have been served upon the defendants, and Infringing Merchandise has been obtained from the defendants;

**NOW, THEREFORE, IT IS HEREBY ORDERED** that defendants, their agents, servants, employees, attorneys, successors, assigns, and all persons, firms, and

corporations acting in concert or participation with said defendants, are enjoined and restrained from:

      (i)     Using the Artist's Trademarks in connection with the sale, offering for sale, distribution, or advertising of any clothing or other merchandise; or

      (ii)    Manufacturing, distributing, selling, or holding for sale any clothing or other merchandise which carries or otherwise uses the Artist's Trademarks; or

      (iii)   Aiding, abetting, inducing, or encouraging another to perform any of the acts enjoined herein.

**IT IS FURTHER ORDERED** that the United States Marshal for this district and the United States Marshal for any district in which plaintiff seeks to enforce this order, upon plaintiff's advancing such sum as is required to cover their fees and expenses, or local law enforcement officials, plaintiff's counsel, representatives, or individuals acting under their respective authorization or supervision, are authorized, and the appropriate local or state police and other law enforcement authorities are hereby similarly authorized, to seize and impound any and all Infringing Merchandise bearing the Artist's Trademarks which defendants, or their agents, servants, employees, successors and assigns, and all those acting in concert or participation with them, attempt to sell or are holding for sale in the vicinity of the Artist's concerts or elsewhere where such Infringing Merchandise is being sold, held for sale, or is otherwise found, including any carton, bag, container, or other means of carriage in which the Infringing Merchandise is transported or stored.

**IT IS FURTHER ORDERED** that such confiscated merchandise shall be delivered to plaintiff's counsel or representatives, or their designees, pending final disposition of this action.  All clothing, jewelry, photographs, posters and other merchandise bearing the Artist's Trademarks which is sold, or held for sale, in the vicinity of the Artist's performance

locations, or elsewhere where such merchandise is held for sale or otherwise found, shall be deemed to be merchandise subject to the seizure provisions of this order.

**IT IS FURTHER ORDERED** that this preliminary injunction is conditioned upon personal service of a copy of this order and the summons and complaint being made upon the defendants or other persons enjoined hereby contemporaneously with the seizure authorized herein.

**IT IS FURTHER ORDERED** that all unauthorized items heretofore or hereafter seized in this action be delivered up to the plaintiff, or to plaintiff's authorized representative, pending final disposition of this matter.

**IT IS FURTHER ORDERED** that the injunctive and seizure provisions of this order shall expire upon conclusion of the Artist's concert performance tour, unless otherwise extended by further order of this Court.

**IT IS FURTHER ORDERED** that the undertaking in the amount of $10,000.00 heretofore deposited with the Clerk of this Court to secure payment of costs incurred in enforcing the provisions of the temporary restraining order is hereby continued until final disposition of this matter or further order of this Court.

U.S. DISTRICT JUDGE

**Dennis M. Cavanaugh**
**U.S. District Judge**

Dated:    Newark, New Jersey
          June 28, 2004

-4-

# Exhibit F

Barry I. Slotnick (BS 9796)
Ronald L. Israel (RI 1658)
LOEB & LOEB LLP
345 Park Avenue
New York, New York 10154-0037
212-407-4000

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
: Case No. 04 Civ. 0112
LINKIN PARK LLC d/b/a LINKIN PARK
MERCHANDISING,                                    : ORDER OF PRELIMINARY INJUNCTION
                                                    AND ORDER OF SEIZURE
                Plaintiff,                         :

        -against-                                  :

JOHN DOES 1-100, JANE DOES 1-100,                 :
AND XYZ COMPANIES 1-100,
                                                   :
                Defendants.
                                                   :

                                                   :
-------------------------------------------------------X

        Plaintiff having moved by Order to Show Cause for an injunction enjoining and

restraining the defendants, and those acting in concert with them, from manufacturing, selling

and/or distributing merchandise bearing the name, logo, likeness, and trademarks (collectively,

the "Trademarks") of the musical performing group professionally known as LINKIN PARK

(the "Artist"), and service of the summons and complaint having been effected upon the

defendants; and plaintiff's application for a temporary restraining order, order for a preliminary

injunction and order of seizure having come on for a hearing before the Hon. Sandra J.

Feuerstein, United States District Judge, on the 13th day of January, 2004, at the United States

District Court for the Eastern District of New York, 225 Cadman Plaza East, Room 365, New

309907

York, New York 11201, and defendants having been notified of said hearing, and plaintiff having appeared by its counsel, and there having been no other appearances;

NOW, on presentation and consideration of plaintiff's application for a preliminary injunction and order of seizure, the declarations and affidavits submitted in support thereof, and the entire record in this case, the Court finds as follows:

1. By reason of the long, substantial and continuous use of the Artist's name, the said name has acquired a meaning identified with the Artist and with products and services associated with them;

2. The defendants, and those acting in concert or participation with them, have infringed upon plaintiff's and the Artist's rights in the Artist's Trademarks and rights of publicity, and have as well committed acts of unfair competition against the plaintiff and the Artist, by manufacturing, distributing, offering for sale, and selling unauthorized merchandise bearing the Artist's Trademarks (the "Infringing Merchandise") at or near the sites of the Artist's concerts, without having obtained a license or any other authorization to do so;

3. The said acts of the defendants, and those acting in concert or participation with them, constitute a violation of the Lanham Act, 15 U.S.C. § 1125(a), in that they:

(a)     involve goods or services;

(b)     are activities which affect interstate commerce; and

(c)     are likely to cause confusion or deception as to the origin of the Infringing Merchandise in that they falsely represent that such merchandise is made by, sponsored by, or otherwise associated with the Artist or the plaintiff;

4. Defendants, and those acting in concert or participation with them, will continue to sell such unauthorized Infringing Merchandise in connection with the Artist's concerts unless enjoined by the Court; and

5. Copies of the Court's January 13, 2004 Order to Show Cause, the summons and complaint and supporting declarations and Memorandum of Law, have been served upon the defendants, and Infringing Merchandise has been obtained from the defendants;

**NOW, THEREFORE, IT IS HEREBY ORDERED** that defendants, their agents, servants, employees, attorneys, successors, assigns, and all persons, firms, and corporations acting in concert or participation with said defendants, are enjoined and restrained from:

     (i)    Using the Artist's Trademarks in connection with the sale, offering for sale, distribution, or advertising of any clothing or other merchandise; or

     (ii)    Manufacturing, distributing, selling, or holding for sale any clothing or other merchandise which carries or otherwise uses the Artist's Trademarks; or

     (iii)    Aiding, abetting, inducing, or encouraging another to perform any of the acts enjoined herein.

**IT IS FURTHER ORDERED** that the United States Marshal for this district and the United States Marshal for any district in which plaintiff seeks to enforce this order, upon plaintiff's advancing such sum as is required to cover their fees and expenses, or local law enforcement officials, plaintiff's counsel, representatives, or individuals acting under their respective authorization or supervision, are authorized, and the appropriate local or state police and other law enforcement authorities are hereby similarly authorized, to seize and impound any and all Infringing Merchandise bearing the Artist's Trademarks which defendants, or their agents, servants, employees, successors and assigns, and all those acting in concert or participation with them, attempt to sell or are holding for sale in the vicinity of the Artist's

concerts or elsewhere where such Infringing Merchandise is being sold, held for sale, or is otherwise found, including any carton, bag, container, or other means of carriage in which the Infringing Merchandise is transported or stored.

IT IS FURTHER ORDERED that such confiscated merchandise shall be delivered to plaintiff's counsel or representatives, or their designees, pending final disposition of this action. All clothing, jewelry, photographs, posters and other merchandise bearing the Artist's Trademarks which is sold, or held for sale, in the vicinity of the Artist's performance locations, or elsewhere where such merchandise is held for sale or otherwise found, shall be deemed to be merchandise subject to the seizure provisions of this order.

IT IS FURTHER ORDERED that this preliminary injunction is conditioned upon personal service of a copy of this order and the summons and complaint being made upon the defendants or other persons enjoined hereby contemporaneously with the seizure authorized herein.

IT IS FURTHER ORDERED that all unauthorized items heretofore or hereafter seized in this action be delivered up to the plaintiff, or to plaintiff's authorized representative, pending final disposition of this matter.

IT IS FURTHER ORDERED that the injunctive and seizure provisions of this order shall expire on October 1, 2004, unless otherwise extended by further order of this Court.

**IT IS FURTHER ORDERED** that the undertaking in the amount of $20,000.00 heretofore deposited with the Clerk of this Court to secure payment of costs incurred in enforcing the provisions of the temporary restraining order is hereby continued until final disposition of this matter or further order of this Court.

_____
U.S. DISTRICT JUDGE

Dated:    Brooklyn, New York
          May 10 , 2004

273160                              5

# Exhibit G

DF/Cm

Barry I. Slotnick (BS 9796)
Ronald L. Israel (RI 1658)
LOEB & LOEB LLP
345 Park Avenue
New York, New York 10154-0037
212-407-4000

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X

PEARL JAM, L.L.C.,

                Plaintiff,

      -against-

JOHN DOES 1-100, JANE DOES 1-100,
AND XYZ COMPANIES 1-100,

          Defendants.

------------------------------------------------------X

:   Case No. CV-03-203J

:   AMENDED ORDER OF PRELIMINARY
    INJUNCTION AND ORDER OF SEIZURE

:

:

:

:

:

:

**COPY**

Plaintiff having moved by Order to Show Cause for an injunction enjoining and restraining the defendants, and those acting in concert with them, from manufacturing, selling and/or distributing merchandise bearing the name, logo, likeness, and trademarks (collectively, the "Trademarks") of the musical performing group professionally known as PEARL JAM (the "Artist"), and service of the summons and complaint having been effected upon the defendants; and plaintiff's application for a preliminary injunction and order of seizure having come on for a hearing before the Hon. Thomas C. Platt, United States District Judge, on the 5th day of May, 2003, at 1:30 p.m. at the United States District Court for the Eastern District of New York, 100 Federal Plaza, Courtroom 1040, Central Islip, New York 11722-4438, and defendants having

279631

been notified of said hearing, and plaintiff having appeared by its counsel, and there having been

no other appearances, and this Court having signed an Order of Preliminary Injunction and Order

of Seizure on May 5, 2003 (the "Order");

**NOW, THEREFORE, IT IS HEREBY ORDERED** that all of the terms and

conditions proscribed by the Order shall remain in full effect, except that the injunctive and

seizure provisions of the Order shall be extended nine days and thus will expire upon conclusion

of the Artist's concert performance tour on July 19, 2003, unless otherwise extended by further

order of this Court.

_____

U.S. DISTRICT JUDGE

Dated:          Central Islip, New York
                July 2 , 2003

R. Israel, Esq.

THIS ORDER IS TO BE MAILED BY MOVANT
TO ALL COUNSEL IMMEDIATELY UPON RECEIPT.

DF/
am

Barry I. Slotnick (BS 9796)
Eulas G. Boyd (EB 4130)
LOEB & LOEB LLP
345 Park Avenue
New York, New York 10154-0037
212-407-4000

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X

PEARL JAM, L.L.C.,                          :    Case No. CV-03-2037

                    Plaintiff,              :    ORDER OF PRELIMINARY INJUNCTION
                                                 AND ORDER OF SEIZURE
          -against-                         :

JOHN DOES 1-100, JANE DOES 1-100,           :
AND XYZ COMPANIES 1-100,
                                            :
                    Defendants.             :

                                            :

                                            :

                                            :
----------------------------------------------------X

        Plaintiff having moved by Order to Show Cause for an injunction enjoining and

restraining the defendants, and those acting in concert with them, from manufacturing, selling

and/or distributing merchandise bearing the name, logo, likeness, and trademarks (collectively,

the "Trademarks") of the musical performing group professionally known as PEARL JAM (the

"Artist"), and service of the summons and complaint having been effected upon the defendants;

and plaintiff's application for a preliminary injunction and order of seizure having come on for a

hearing before the Hon. Thomas C. Platt, United States District Judge, on the 5th day of May,

2003, at 1:30 p.m. at the United States District Court for the Eastern District of New York, 100

Federal Plaza, Courtroom 1040, Central Islip, New York 11722-4438, and defendants having

279631

been notified of said hearing, and plaintiff having appeared by its counsel, and there having been no other appearances;

NOW, on presentation and consideration of plaintiff's application for a preliminary injunction and order of seizure, the declarations and affidavits submitted in support thereof, and the entire record in this case, the Court finds as follows:

1. By reason of the long, substantial and continuous use of the Artist's name, the said name has acquired a meaning identified with the Artist and with products and services associated with them;

2. The defendants, and those acting in concert or participation with them, have infringed upon plaintiff's and the Artist's rights in the Artist's Trademarks and rights of publicity, and have as well committed acts of unfair competition against the plaintiff and the Artist, by manufacturing, distributing, offering for sale, and selling unauthorized merchandise bearing the Artist's Trademarks (the "Infringing Merchandise") at or near the sites of the Artist's concerts, without having obtained a license or any other authorization to do so;

3. The said acts of the defendants, and those acting in concert or participation with them, constitute a violation of the Lanham Act, 15 U.S.C. § 1125(a), in that they:

(a)     involve goods or services;

(b)     are activities which affect interstate commerce; and

(c)     are likely to cause confusion or deception as to the origin of the Infringing Merchandise in that they falsely represent that such merchandise is made by, sponsored by, or otherwise associated with the Artist or the plaintiff;

2

4. Defendants, and those acting in concert or participation with them, will continue to sell such unauthorized Infringing Merchandise in connection with the Artist's concerts unless enjoined by the Court; and

5. Copies of the Court's April 29, 2003 Order to Show Cause, the summons and complaint and supporting declarations and Memorandum of Law, have been served upon the defendants, and Infringing Merchandise has been obtained from the defendants;

**NOW, THEREFORE, IT IS HEREBY ORDERED** that defendants, their agents, servants, employees, attorneys, successors, assigns, and all persons, firms, and corporations acting in concert or participation with said defendants, are enjoined and restrained from:

(i)    Using the Artist's Trademarks in connection with the sale, offering for sale, distribution, or advertising of any clothing or other merchandise; or

(ii)    Manufacturing, distributing, selling, or holding for sale any clothing or other merchandise which carries or otherwise uses the Artist's Trademarks; or

(iii)    Aiding, abetting, inducing, or encouraging another to perform any of the acts enjoined herein.

**IT IS FURTHER ORDERED** that the United States Marshal for this district and the United States Marshal for any district in which plaintiff seeks to enforce this order, upon plaintiff's advancing such sum as is required to cover their fees and expenses, or local law enforcement officials, plaintiff's counsel, representatives, or individuals acting under their respective authorization or supervision, are authorized, and the appropriate local or state police and other law enforcement authorities are hereby similarly authorized, to seize and impound any and all Infringing Merchandise bearing the Artist's Trademarks which defendants, or their agents, servants, employees, successors and assigns, and all those acting in concert or participation with them, attempt to sell or are holding for sale in the vicinity of the Artist's

concerts or elsewhere where such Infringing Merchandise is being sold, held for sale, or is otherwise found, including any carton, bag, container, or other means of carriage in which the Infringing Merchandise is transported or stored.

**IT IS FURTHER ORDERED** that such confiscated merchandise shall be delivered to plaintiff's counsel or representatives, or their designees, pending final disposition of this action. All clothing, jewelry, photographs, posters and other merchandise bearing the Artist's Trademarks which is sold, or held for sale, in the vicinity of the Artist's performance locations, or elsewhere where such merchandise is held for sale or otherwise found, shall be deemed to be merchandise subject to the seizure provisions of this order.

**IT IS FURTHER ORDERED** that this preliminary injunction is conditioned upon personal service of a copy of this order and the summons and complaint being made upon the defendants or other persons enjoined hereby contemporaneously with the seizure authorized herein.

**IT IS FURTHER ORDERED** that all unauthorized items heretofore or hereafter seized in this action be delivered up to the plaintiff, or to plaintiff's authorized representative, pending final disposition of this matter.

**IT IS FURTHER ORDERED** that the injunctive and seizure provisions of this order shall expire upon conclusion of the Artist's concert performance tour or on July 10, 2003, whichever first occurs, unless otherwise extended by further order of this Court.

**IT IS FURTHER ORDERED** that the undertaking in the amount of $50,000.00 heretofore deposited with the Clerk of this Court to secure payment of costs incurred in enforcing the provisions of the temporary restraining order is hereby continued until final disposition of this matter or further order of this Court.

_____
U.S. DISTRICT JUDGE

Dated:      Central Islip, New York
            May 5, 2003  @ 1:42 pm

Barry I. Slotnick (BS 9796)
Eulas G. Boyd (EB 4130)
LOEB & LOEB LLP
345 Park Avenue
New York, New York 10154-0037
212-407-4000

*Attorneys for Plaintiffs*
*Pearl Jam, L.L.C*

PLATT, J.
LINDSAY, M.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------- X

PEARL JAM, L.L.C.

               Plaintiff,

          -against-

JOHN DOES 1-100, JANE DOES 1-100,
AND XYZ COMPANIES 1-100,

            Defendants.

----------------------------------------------------- X

Case No. CV-03 203J

**ORDER TO SHOW CAUSE ON
MOTION FOR PRELIMINARY
INJUNCTION WITH TEMPORARY
RESTRAINING ORDER AND ORDER
OF SEIZURE**

Upon the summons and complaint (attached hereto as Exhibit A), the declarations

of Barry I. Slotnick and Sharie Metzler, the memorandum of law, and such other matters and

argument presented to the Court, and good cause having been shown;

     **IT IS HEREBY ORDERED** that defendants, various John Does, Jane Does, and

XYZ Companies, their true identities being unknown, show cause before this Court, 100 Federal

Plaza, Central Islip, New York 11722-4438, in Courtroom *1040*, on the 5th day of May, 2003,

at *1:30* a.m./p.m. or as soon thereafter as counsel can be heard, why an order pursuant to Fed.

R. Civ. P. 65 should not be entered, granting to plaintiff a preliminary injunction enjoining the

defendants John Does 1-100, Jane Does 1-100, and XYZ Companies 1-100, their true identities

being unknown, and all those acting in concert with defendants, from the unauthorized

*anywhere in the United States*

*TL ✓*

manufacture, distribution, sale or holding for sale of clothing, jewelry, photographs, posters, and other merchandise (collectively the "Infringing Merchandise") bearing the name, logo, likeness or trademark (collectively the "Trademark") of the music group known as PEARL JAM (the "Artist").

AND IT APPEARING TO THE COURT that defendants, and those acting in concert with defendants, will sell and distribute, and will continue to sell and distribute, the Infringing Merchandise bearing the Artist's Trademark, as set forth in plaintiff's complaint and supporting papers, and will continue to carry out such acts unless restrained by order of the Court;

AND IT APPEARING TO THE COURT that immediate and irreparable injury, loss or damage will result to the plaintiff before defendants can be identified and given notice and their attorneys can be heard in opposition to the granting of the temporary restraining order, in that the defendants will manufacture, distribute, and sell infringing merchandise, and will continue to do so, and that, unless said defendants are enjoined from said manufacture, distribution, and sale, the plaintiff will suffer immediate and irreparable injury and harm in the form of lost income, lessening and dilution of the value of the Artist's Trademark, interference with plaintiff's ability to exploit, market, and license its merchandising rights respecting the Artist's Trademark, confusion in the marketplace as to the duly authorized source of the Infringing Merchandise, and impairment of the good will the Artist, the plaintiff and plaintiff's licensees have in the Artist's Trademark;

IT IS HEREBY ORDERED that, pending a hearing and determination of this application, the defendants and their agents, servants, employees, attorneys, successors, and assigns, and all persons, firms and corporations acting in concert with said defendants, be and

hereby are temporarily restrained from manufacturing, distributing, and selling the Infringing _[anywhere in the united States]_

Merchandise bearing the Artist's Trademark; and

      **IT IS FURTHER ORDERED** that the United States Marshal for this district, or

any district _[in the United States]_ in which plaintiff enforces this order, the state and the local police, local deputy

sheriffs, counsel for plaintiff, plaintiff's representatives, and persons acting under their

supervision, are hereby authorized to seize and impound any and all Infringing Merchandise

bearing the Artist's Trademark which defendants, or those acting in concert with defendants,

attempt to sell or are holding for sale in connection with any of the Artist's concert performances

(including any carton, container, or other means of carriage in which the Infringing Merchandise

is found); and

      **IT IS FURTHER ORDERED** that this temporary restraining order be and is

hereby conditioned upon plaintiff's filing with the Clerk of this Court an undertaking in the form

of a bond, check, or cash in the amount of ~~$10,000.00,~~ _[$ 50,000.00]_ to secure the payment of such costs and

damages, not to exceed such sum, as may be suffered or sustained by any party who is

wrongfully restrained hereby; and

      **IT IS FURTHER ORDERED** that this temporary restraining order is

conditioned upon the plaintiff advancing to the United States Marshal such sum as is required to

cover the fees for their said services, in the event plaintiff seeks the services of the United States

Marshal in this or any other district; and

      **IT IS FURTHER ORDERED** that service of copies of this Order to Show

Cause, together with the summons and complaint, be made upon the defendants by the United

States Marshal, state or local police, local deputy sheriffs, or by any person over the age of

eighteen (18) years not a party to this action selected for that purpose by the plaintiff, at the time

any seizure provided herein is effected.

**IT IS FURTHER ORDERED** that this Order supersedes and renders moot in its

entirety the Order respecting the same subject matter previously signed by the Court on April

____, 2003.

_____
U.S. DISTRICT JUDGE

Dated: ~~New York~~, New York
       April 29 2003
       11:50 a.m. ~~p.m.~~

278718.1

It is Further Ordered that the injunction and seizure provisions of this Order shall expire upon the conclusion of the Artist's concert performance tour on May 16, 2003, whichever first occurs, unless otherwise extended by further order of the Court.

# Exhibit H

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

Michael W. Dobbins
     CLERK

Office of the Clerk

Terrence Buehler
Buehler & Reed
19 S. LaSalle
Suite 1500
Chicago, IL  60603

--------------------------------------------------------------------------

Case Number:  1:02-cv-00762

Title:  Linkin Pk LLC v. Does

Assigned Judge: Honorable Matthew F. Kennelly

MINUTE ORDER of 1/31/02  by Hon. Matthew F. Kennelly :
Motion for temporary restraining order is granted [2-1].
Enter order. Motion for a preliminary injunction hearing is
granted. Hearing set for 9:30 a.m. on 2/8/02. (Entered
Order to Show Cause on Motion for Preliminary Injunction
with Temporary Restraining Order and Order for Seizure.)
Mailed notice.

This docket entry was made by the Clerk on February 6, 2002

ATTENTION:  This notice is being sent pursuant to Rule 77(d) of the
     Federal Rules of Civil Procedure or Rule 49(c) of the Federal
     Rules of Criminal Procedure.  It was generated by ICMS,
     the automated docketing system used to maintain the civil and
     criminal dockets of this District.  If a minute order or
     other document is enclosed, please refer to it for
     additional information.

For scheduled events, motion practices, recent opinions and other information,
visit our web site at www.ilnd.uscourts.gov

Check our web site for CourtWeb--a concise listing of rulings by judges.
Check for rulings on noticed motions.  Also, subscribe to CourtWatch--a free
service--to receive e-mail notification of CourtWeb postings.

To apply for a PACER account, call 1.800.676.6856

Terrence Buehler
BUEHLER & REED
19 South LaSalle Street, Suite 1500
Chicago, Illinois 60603
Tel. No: 312-372-2899
Fax No: 312-332-4629

Barry I. Slotnick
LOEB & LOEB LLP
345 Park Avenue
New York, New York 01154-0037
Tel. No: 212-407-4000
Fax No: 212-407-4990

Attorneys for Plaintiff Linkin Park LLC, d/b/a Linkin
Park Merchandising

*JUDGE KENNELLY*
*MAGIS. JUDGE BROWN*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

-------------------------------------------------------X

LINKIN PARK LLC, d/b/a LINKIN PARK
MERCHANDISING,

              Plaintiff,

      -against-

JOHN DOES 1-100, JANE DOES 1-100 and
XYZ COMPANIES 1-100,

              Defendants.

-------------------------------------------------------X

: Case No.: *02 C 0762*

:
: **ORDER TO SHOW CAUSE ON
: MOTION FOR PRELIMINARY
: INJUNCTION WITH TEMPORARY
: RESTRAINING ORDER AND ORDER
: OF SEIZURE**

:

:

Upon the summons and complaint, the accompanying declarations of Barry I.
Slotnick, Esq. and Joel Hendricks, the exhibits annexed thereto, the memorandum of law, and
such other matters and argument presented to the Court, and good cause having been shown;

**IT IS HEREBY ORDERED** that defendants, various John Does, Jane Does, and
XYZ Companies, their true identities being unknown, show cause before this Court, 219 South
Dearborn Street, Chicago, Illinois 60604, in Courtroom *1719*, on the *8th* day of

_Feb._____, 2002, at 9:30 a.m./~~p.m.~~, or as soon thereafter as counsel can be heard, why an order pursuant to Fed. R. Civ. P. 65 should not be entered, granting to plaintiff a preliminary injunction enjoining the defendants John Does 1-100, Jane Does 1-100, and XYZ Companies 1-100, their true identities being unknown, and all those acting in concert with defendants, from the unauthorized manufacture, distribution, sale or holding for sale, of clothing, jewelry, photographs, posters, and other merchandise (collectively the "Infringing Merchandise") bearing the name, logo, likeness or trademark (collectively the "Trademark") of the musical group known as Linkin Park (the "Artist").

**AND IT APPEARING TO THE COURT** that defendants, and those acting in concert with defendants, have sold, and will continue to sell and distribute, the Infringing Merchandise bearing the Artist's Trademark, as set forth in plaintiff's complaint and supporting papers, and will continue to carry out such acts unless restrained by order of the Court;

**AND IT APPEARING TO THE COURT** that immediate and irreparable injury, loss or damage will result to the plaintiff before defendants can be identified and given notice and their attorneys can be heard in opposition to the granting of the temporary restraining order, in that the defendants will manufacture, distribute, and sell infringing merchandise, and will continue to do so, and that, unless said defendants are enjoined from said manufacture, distribution, and sale, the plaintiff will suffer immediate and irreparable injury and harm in the form of lost income, lessening and dilution of the value of the Artist's Trademark, interference with plaintiff's ability to exploit, market, and license its merchandising rights respecting the Artist's Trademark, confusion in the marketplace as to the duly authorized source of the Infringing Merchandise, and impairment of the good will plaintiff and its licensors have in the Artist's Trademark;

**IT IS HEREBY ORDERED** that, pending a hearing and determination of this application, or the expiration of ten (10) days from the date hereof, whichever shall first occur, the defendants and their agents, servants, employees, attorneys, successors, and assigns, and all persons, firms and corporations acting in concert with said defendants, be and hereby are temporarily restrained from manufacturing, distributing, and selling the Infringing Merchandise bearing the Artist's Trademark; and

**IT IS FURTHER ORDERED** that the United States Marshal for this district, or any district in which plaintiff enforces this order, the state and the local police, local deputy sheriffs, counsel for plaintiff, plaintiff's representatives, and persons acting under their supervision, are hereby authorized to seize and impound any and all Infringing Merchandise bearing the Artist's Trademark which defendants, or those acting in concert with defendants, attempt to sell or are holding for sale in connection with any of the Artist's concert performances (including any carton, container, or other means of carriage in which the Infringing Merchandise is found) from twenty-four (24) hours before to eight (8) hours after any concert performance of the Artist, and within a twenty-five (25) mile radius of any concert performance of the Artist, including but not limited to the Artist's concert at the UIC Pavilion in Chicago, Illinois on February 1, 2002; and

**IT IS FURTHER ORDERED** that this temporary restraining order be and is hereby conditioned upon plaintiff's filing with the Clerk of this Court an undertaking in the form of a bond, check, or cash in the amount of $10,000.00, to secure the payment of costs and damages, not to exceed such sum, as may be suffered or sustained by any party who is wrongfully restrained hereby; and

**IT IS FURTHER ORDERED** that this temporary restraining order is conditioned upon the plaintiff advancing to the United States Marshal such sum as is required to cover the fees for their said services, in the event plaintiff seeks the services of the United States Marshal in this or any other district; and

**IT IS FURTHER ORDERED** that service of copies of this Order to Show Cause, together with the summons and complaint, be made upon the defendants by the United States Marshal, state or local police, local deputy sheriffs, or by any person over the age of eighteen (18) years not a party to this action selected for that purpose by the plaintiff, at the time any seizure provided herein is effected.

_____
U.S.D.J.

Dated:    Chicago,    Illinois
          January 31 , 2002
          10:15 a.m./p.m.