# Exhibit I

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

chael W. Dobbins                                    Office of the Clerk
CLERK


    Terrence Buehler
    Buehler & Reed
    19 S. LaSalle
    Suite 1500
    Chicago, IL  60603


--------------------------------------------------------------------
    Case Number:  1:01-cv-05053
--------------------------------------------------------------------

    Title:  Viking Wizard Eyes v. Various John Does

ssigned Judge: Honorable Ruben Castillo


INUTE ORDER of 7/3/01  by Hon. Ruben Castillo :
laintiff's motion for entry of temporary restraining order
s granted [2-1]. Enter Order to Show Cause on Motion for
reliminary Injunction With Temporary Restraining Order of
eizure. Defendants to appear in open court on 07/13/01 at
:30 p.m. to show cause. Plaintiff is to post a bond
iththe Clerk of Court in th form of a bond, check or cash
n the amount of $10,000. Status hearing set to 2:30 p.m.
n 07/13/01. (Entered Order) Mailed notice


his docket entry was made by the Clerk on July 5, 2001

TTENTION: This notice is being sent pursuant to Rule 77(d) of the
          Federal Rules of Civil Procedure or Rule 49(c) of the Federal
          Rules of Criminal Procedure.  It was generated by ICMS,
          the automated docketing system used to maintain the civil and
          criminal dockets of this District.  If a minute order or
          other document is enclosed, please refer to it for
          additional information.

or scheduled events, motion practices, recent opinions and other information,
isit our web site at www.ilnd.uscourts.gov

heck our web site for CourtWeb--a concise listing of rulings by judges.
heck for rulings on noticed motions. Also, subscribe to CourtWatch--a free
ervice--to receive e-mail notification of CourtWeb postings.

)apply for a PACER account, call 1.800.676.6856

Terrence Buehler ()
BUEHLER & REED
19 South LaSalle Street, Suite 1500
Chicago, Illinois 60603
(312) 372-2899 (telephone)
(312) 332-4629 (facsimile)

Barry L. Slotnick
Jacques M. Rimokh
BINGHAM DANA, LLP
885 Third Avenue
New York, New York 10022-4873
(212) 207-1200 (telephone)
(212) 750-9022 (facsimile)

Attorneys for Plaintiff Viking Wizard Eyes, Inc. p/k/a Blink-182

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

---

x

VIKING WIZARD EYES, INC. professionally known
as BLINK-182

                    Plaintiff,

           - against -

JOHN DOES 1-100, JANE DOES 1-100 and XYZ
COMPANIES 1-100,

                   Defendants.

Case No.: 01 C 5053

ORDER TO SHOW CAUSE ON
MOTION FOR
PRELIMINARY INJUNCTION
WITH TEMPORARY
RESTRAINING ORDER AND
ORDER OF SEIZURE

JUDGE CASTILLO

---

x

Upon the summons and complaint, the accompanying declarations of Jacques M.
Rimokh, Esq. and Chris Siglin, the exhibits annexed thereto, the memorandum of law, and such
other matters and argument presented to the Court, and good cause having been shown;

      IT IS HEREBY ORDERED that defendants, various John Does, Jane Does, and
XYZ Companies, their true identities being unknown, show cause before this Court, 219 South
Dearborn Street, Chicago, Illinois 60604, in Courtroom 2319, on the 13 day of

JULY_____, 2001, at 2:30 a.m./p.m., or as soon thereafter as counsel can be heard, why an order pursuant to Fed. R. Civ. P. 65 should not be entered, granting to plaintiff a preliminary injunction enjoining the defendants John Does 1-100, Jane Does 1-100, and XYZ Companies 1-100, their true identities being unknown, and all those acting in concert with defendants, from the unauthorized manufacture, distribution, sale or holding for sale, of clothing, jewelry, photographs, posters, and other merchandise (collectively the "Infringing Merchandise") bearing the name, logo, likeness or trademark (collectively the "Trademark") of the musical group known as Blink-182 (the "Artist").

AND IT APPEARING TO THE COURT that defendants, and those acting in concert with defendants, have sold, and will continue to sell and distribute, the Infringing Merchandise bearing the Artist's Trademark, as set forth in plaintiff's complaint and supporting papers, and will continue to carry out such acts unless restrained by order of the Court;

AND IT APPEARING TO THE COURT that immediate and irreparable injury, loss or damage will result to the plaintiff before defendants can be identified and given notice and their attorneys can be heard in opposition to the granting of the temporary restraining order, in that the defendants will manufacture, distribute, and sell infringing merchandise, and will continue to do so, and that, unless said defendants are enjoined from said manufacture, distribution, and sale, the plaintiff will suffer immediate and irreparable injury and harm in the form of lost income, lessening and dilution of the value of the Artist's Trademark, interference with plaintiff's ability to exploit, market, and license its merchandising rights respecting the Artist's Trademark, confusion in the marketplace as to the duly authorized source of the Infringing Merchandise, and impairment of the good will plaintiff and its licensors have in the Artist's Trademark;

2

IT IS HEREBY ORDERED that, pending a hearing and determination of this application, or the expiration of ten (10) days from the date hereof, whichever shall first occur, the defendants and their agents, servants, employees, attorneys, successors, and assigns, and all persons, firms and corporations acting in concert with said defendants, be and hereby are temporarily restrained from manufacturing, distributing, and selling the Infringing Merchandise bearing the Artist's Trademark; and

IT IS FURTHER ORDERED that the United States Marshal for this district, or any district in which plaintiff enforces this order, the state and the local police, local deputy sheriffs, counsel for plaintiff, plaintiff's representatives, and persons acting under their supervision, are hereby authorized to seize and impound any and all Infringing Merchandise bearing the Artist's Trademark which defendants, or those acting in concert with defendants, attempt to sell or are holding for sale in connection with any of the Artist's concert performances (including any carton, container, or other means of carriage in which the Infringing Merchandise is found) from twenty-four (24) hours before to eight (8) hours after any concert performance of the Artist, and within a twenty-five (25) mile radius of any concert performance of the Artist, including but not limited to the Artist's concert at Tweeter Center Chicago (formerly known as World Music Theatre) in Chicago, Illinois on July 7, 2001 and

IT IS FURTHER ORDERED that this temporary restraining order be and is hereby conditioned upon plaintiff's filing with the Clerk of this Court an undertaking in the form of a bond, check, or cash in the amount of $10,000.00, to secure the payment of costs and damages, not to exceed such sum, as may be suffered or sustained by any party who is wrongfully restrained hereby; and

3

**IT IS FURTHER ORDERED** that this temporary restraining order is conditioned upon the plaintiff advancing to the United States Marshal such sum as is required to cover the fees for their said services, in the event plaintiff seeks the services of the United States Marshal in this or any other district; and

**IT IS FURTHER ORDERED** that service of copies of this Order to Show Cause, together with the summons and complaint, be made upon the defendants by the United States Marshal, state or local police, local deputy sheriffs, or by any person over the age of eighteen (18) years not a party to this action selected for that purpose by the plaintiff, at the time any seizure provided herein is effected.

U.S.D.J.

Dated:    Chicago, Illinois
          July 3rd, 2001
          9:50 a.m./p.m.

4

# Exhibit J

Barry I. Slotnick (BS9796)
Timothy J. Stephens (TS3121)
RICHARDS & O'NEIL, LLP
885 Third Avenue
New York, New York 10022-4873
(212) 207-1200

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

ABB MERCHANDISING CO., INC.,                   :

                       Plaintiff,                   :

          - against -                   :

JOHN DOES 1-100, JANE DOES 1-100, AND     :
XYZ COMPANIES 1-100, TIMOTHY
MAXWELL, WALTER COLVIN, PATRICK           :
KELLY, LUIS SOTO, A/K/A "RICO,"
HERBERT HENDERSON, A/K/A "HERBIE,"        :
and FREDERICK GRANT,

                       Defendants.
-------------------------------------------------------X

Case No. 00 Civ. 1637 (BSJ)

ORDER OF PRELIMINARY
INJUNCTION AND ORDER OF
SEIZURE

        Plaintiff having moved by Order to Show Cause for an injunction enjoining and

restraining the defendants, and those acting in concert with them, from manufacturing, selling

and/or distributing merchandise bearing the name, logo, likeness, and trademarks (collectively,

the "Trademarks") of the musical performing group professionally known as THE ALLMAN

BROTHERS BAND (the "Artist"), and service of the summons and complaint having been

effected upon the defendants; and plaintiff's application for a preliminary injunction and order

of seizure having come on for a hearing before the Honorable Barbara S. Jones, United States

District Judge, on the 13th day of March, 2000, at the United States District Court for the

Southern District of New York, 40 Foley Square, New York, New York 10007, and defendants

having been notified of said hearing, and plaintiff having appeared by its counsel, and there having been no other appearances:

NOW, on presentation and consideration of plaintiff's application for a preliminary injunction and order of seizure, the declarations and affidavits submitted in support thereof, and the entire record in this case, the Court finds as follows:

1.    By reason of the long, substantial and continuous use of the Artist's name, the said name has acquired a meaning identified with the Artist and with products and services associated with them;

2.    The defendants, and those acting in concert or participation with them, have infringed upon plaintiff's and the Artist's rights in the Artist's Trademarks and rights of publicity, and have as well committed acts of unfair competition against the plaintiff and the Artist, by manufacturing, distributing, offering for sale, and selling unauthorized merchandise bearing the Artist's Trademarks (the "Infringing Merchandise") at or near the sites of the Artist's concerts, without having obtained a license or any other authorization to do so;

3.    The said acts of the defendants, and those acting in concert or participation with them, constitute a violation of the Lanham Act, 15 U.S.C. § 1125(a), in that they:

(a)    involve goods or services;

(b)    are activities which affect interstate commerce; and

(c)    are likely to cause confusion or deception as to the origin of the Infringing Merchandise in that they falsely represent that such merchandise is made by, sponsored by, or otherwise associated with the Artist or the plaintiff;

4.    Defendants, and those acting in concert or participation with them, will continue to sell such unauthorized Infringing Merchandise in connection with the Artist's concerts unless enjoined by the Court; and

5.    Copies of the Court's March 3, 2000 Order to Show Cause (by the Honorable Leonard B. Sand, Part I), and the summons and complaint have been served upon the defendants, and Infringing Merchandise has been obtained from the defendants;

**NOW, THEREFORE, IT IS HEREBY ORDERED** that defendants, their agents, servants, employees, attorneys, successors, assigns, and all persons, firms, and corporations acting in concert or participation with said defendants, are enjoined and restrained from:

(i)    Using the Artist's Trademarks in connection with the sale, offering for sale, distribution, or advertising of any clothing or other merchandise; or

(ii)    Manufacturing, distributing, selling, or holding for sale any clothing or other merchandise which carries or otherwise uses the Artist's Trademarks; or

(iii)    Aiding, abetting, inducing, or encouraging another to perform any of the acts enjoined herein.

**IT IS FURTHER ORDERED** that the United States Marshal for this district and the United States Marshal for any district in which plaintiff seeks to enforce this order, upon plaintiff's advancing such sum as is required to cover their fees and expenses, or local law enforcement officials, plaintiff's counsel, representatives, or individuals acting under their respective authorization or supervision, are authorized, and the appropriate local or state police and other law enforcement authorities are hereby similarly authorized, to seize and impound any and all Infringing Merchandise bearing the Artist's Trademarks which defendants, or their agents, servants, employees, successors and assigns, and all those acting in concert or

R&O-669672.1

participation with them, attempt to sell or are holding for sale in the vicinity of the Artist's

concerts or elsewhere where such Infringing Merchandise is being sold, held for sale, or is

otherwise found, including any carton, bag, container, or other means of carriage in which the

Infringing Merchandise is transported or stored.

   IT IS FURTHER ORDERED that such confiscated merchandise shall be

delivered to plaintiff's counsel or representatives, or their designees, pending final disposition

of this action. All clothing, jewelry, photographs, posters and other merchandise bearing the

Artist's Trademarks which is sold, or held for sale, in the vicinity of the Artist's performance

locations, or elsewhere where such merchandise is held for sale or otherwise found, shall be

deemed to be merchandise subject to the seizure provisions of this order.

   IT IS FURTHER ORDERED that this preliminary injunction is conditioned

upon personal service of a copy of this order and the summons and complaint being made upon

the defendants or other persons enjoined hereby contemporaneously with the seizure authorized

herein.

   IT IS FURTHER ORDERED that all unauthorized items heretofore or

hereafter seized in this action be delivered up to the plaintiff, or to plaintiff's authorized

representative, pending final disposition of this matter.

   IT IS FURTHER ORDERED that the injunctive and seizure provisions of this

order shall expire upon conclusion of the Artist's concert performance tour, unless otherwise

extended by further order of this Court.

   IT IS FURTHER ORDERED that the bond in the amount of $10,000.00

heretofore deposited with the Clerk of this Court to secure payment of costs incurred in

-4-

R&O-669672.1

enforcing the provisions of the temporary restraining order is hereby continued until final

disposition of this matter or further order of this Court.

/s/ BARBARA S JONES
U.S. DISTRICT JUDGE

Dated:        New York, New York
              March 13, 2000

-5-

ORIGINAL

Barry I. Slotnick (BS9796)
Timothy J. Stephens (TS3121)
RICHARDS & O'NEIL, LLP
885 Third Avenue
New York, New York 10022-4873
(212) 207-1200

Attorneys for Plaintiff

**00CIV 1637**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————————X

ABB MERCHANDISING CO., INC.,                 :

                               Plaintiff,    :      Case No.

                    - against -              :      **ORDER TO SHOW CAUSE ON
                                                    MOTION FOR PRELIMINARY
                                             :      INJUNCTION WITH TEMPORARY
JOHN DOES 1-100, JANE DOES 1-100, AND        :      RESTRAINING ORDER AND
XYZ COMPANIES 1-100,                                ORDER OF SEIZURE**

                               Defendants.   :

                                             :
————————————————————————X

        Upon the summons and complaint, the declarations of Timothy J. Stephens and

Steve Lewis, the memorandum of law, and such other matters and argument presented to the

Court, and good cause having been shown;

        IT IS HEREBY ORDERED that defendants, various John Does, Jane Does, and

XYZ Companies, their true identities being unknown, show cause before this Court, 500 Pearl

Street, New York, New York 10007, in Courtroom _1_ 965 40 Centre Street, on the _13_ day of March, 2000, at

_4:30_ a.m./p.m., or as soon thereafter as counsel can be heard, why an order pursuant to Fed. R.

Civ. P. 65 should not be entered, granting to plaintiff a preliminary injunction enjoining the

defendants John Does 1-100, Jane Does 1-100, and XYZ Companies 1-100, their true identities

being unknown, and all those acting in concert with defendants, from the unauthorized

R&O-867039.1

manufacture, distribution, sale or holding for sale, of clothing, jewelry, photographs, posters, and other merchandise (collectively the "Infringing Merchandise") bearing the name, logo, likeness or trademark (collectively the "Trademark") of the music group known as THE ALLMAN BROTHERS (the "Artist").

AND IT APPEARING TO THE COURT that defendants, and those acting in concert with defendants, will sell and distribute, and will continue to sell and distribute, the Infringing Merchandise bearing the Artist's Trademark, as set forth in plaintiff's complaint and supporting papers, and will continue to carry out such acts unless restrained by order of the Court;

AND IT APPEARING TO THE COURT that immediate and irreparable injury, loss or damage will result to the plaintiff before defendants can be identified and given notice and their attorneys can be heard in opposition to the granting of the temporary restraining order, in that the defendants will manufacture, distribute, and sell infringing merchandise, and will continue to do so, and that, unless said defendants are enjoined from said manufacture, distribution, and sale, the plaintiff will suffer immediate and irreparable injury and harm in the form of lost income, lessening and dilution of the value of the Artist's Trademark, interference with plaintiff's ability to exploit, market, and license its merchandising rights respecting the Artist's Trademark, confusion in the marketplace as to the duly authorized source of the Infringing Merchandise, and impairment of the good will the Artist, the plaintiff and plaintiff's licensees have in the Artist's Trademark;

IT IS HEREBY ORDERED that, pending a hearing and determination of this application, the defendants and their agents, servants, employees, attorneys, successors, and

-2-

R&O-667039.1

assigns, and all persons, firms and corporations acting in concert with said defendants, be and hereby are temporarily restrained from manufacturing, distributing, and selling the Infringing Merchandise bearing the Artist's Trademark; and

  **IT IS FURTHER ORDERED** that the United States Marshal for this district, or any district in which plaintiff enforces this order, the state and the local police, local deputy sheriffs, counsel for plaintiff, plaintiff's representatives, and persons acting under their supervision, are hereby authorized to seize and impound any and all Infringing Merchandise bearing the Artist's Trademark which defendants, or those acting in concert with defendants, attempt to sell or are holding for sale in connection with any of the Artist's concert performances (including any carton, container, or other means of carriage in which the Infringing Merchandise is found); and

  **IT IS FURTHER ORDERED** that this temporary restraining order be and is hereby conditioned upon plaintiff's filing with the Clerk of this Court an undertaking in the form of a bond, check, or cash in the amount of $10,000.00, to secure the payment of such costs and damages, not to exceed such sum, as may be suffered or sustained by any party who is wrongfully restrained hereby; and

  **IT IS FURTHER ORDERED** that this temporary restraining order is conditioned upon the plaintiff advancing to the United States Marshal such sum as is required to cover the fees for their said services, in the event plaintiff seeks the services of the United States Marshal in this or any other district; and

  **IT IS FURTHER ORDERED** that service of copies of this Order to Show Cause, together with the summons and complaint, be made upon the defendants by the United

R&O-667039.1

-3-

States Marshal, state or local police, local deputy sheriffs, or by any person over the age of

eighteen (18) years not a party to this action selected for that purpose by the plaintiff, at the time

any seizure provided herein is effected.

_____
U.S. DISTRICT JUDGE

Part I

Dated:          New York, New York
                March 3, 2000
                11:09 a.m./p.m.

-4-

# Exhibit K

1  TOWNSEND AND TOWNSEND AND CREW LLP
   JOEL LINZNER (CSBN 077211)
2  MARC M. GORELNIK (CSBN 166833)
   Two Embarcadero Center, 8th Floor
3  San Francisco, California  94111-3834
   Telephone: (415) 576-0200
4
      - and -
5
   Barry I. Slotnick
6  RICHARDS & O'NEIL, LLP
   885 Third Avenue
7  New York, New York  10022-4873
   (212) 207-1200
8
   Attorneys for Plaintiff
9  TNA TOUR II (USA) INC.,

10

11

12                  UNITED STATES DISTRICT COURT

13                NORTHERN DISTRICT OF CALIFORNIA

14                       OAKLAND DIVISION

15  TNA TOUR II (USA) INC.,              Case No.  C.99-0143 (SBA)

16                 Plaintiff,            **ORDER OF PRELIMINARY
                                         INJUNCTION AND ORDER OF
17        v.                             SEIZURE**

18  SILKY DEVON ROBINSON, DEMETRIUS
    KANE DIXON, DELON ROBINSON, VINCE
19  MITCHELL, JOHN DOES 1-100, JANE
    DOES 1-100, AND XYZ COMPANIES 1-
20  100,

21                 Defendants.

22

23        Plaintiff having moved by Order to Show Cause for an injunction enjoining and

24  restraining the defendants, and those acting in concert with them, from manufacturing,

25  selling and/or distributing merchandise bearing the name, logo, likeness, and trademarks

26  (collectively, the "Trademarks") of the musical performing group professionally known as

27  THE ROLLING STONES (the "Artist"), and service of the summons and complaint having

28  been effected upon the defendants; and plaintiff's application for the preliminary injunction

FILED
JAN 8 0 1999

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

1  and order of seizure having come on for a hearing before the Honorable Saundra B.

2  Armstrong, United States District Judge, on the 26th day of January, 1999, at the United

3  States District Court for the Northern District of California, 1301 Clay Street, Oakland,

4  California 94612, and defendants (named defendants) having been notified of said hearing,

5  and plaintiff having appeared by its counsel, and there having been no other appearances;

6              **NOW**, on presentation and consideration of plaintiff's application for a

7  preliminary injunction and order of seizure, the declarations and affidavits submitted in

8  support thereof, and the entire record in this case, the Court finds as follows:

9              1.      By reason of the long, substantial and continuous use of the Artist's

10  name, the said name has acquired a meaning identified with the Artist and with products and

11  services associated with them;

12              2.      The defendants, and those acting in concert or participation with them,

13  have infringed upon plaintiff's and the Artist's rights in the Artist's Trademarks and rights of

14  publicity, and have as well committed acts of unfair competition against the plaintiff and the

15  Artist, by manufacturing, distributing, offering for sale, and selling unauthorized merchandise

16  bearing the Artist's Trademarks (the "Infringing Merchandise") at or near the sites of the

17  Artist's concerts, including the Artist's concert at The Arena in Oakland, California on

18  January 25, 1999, without having obtained a license or any other authorization to do so;

19              3.      The said acts of the defendants, and those acting in concert or

20  participation with  them, constitute a violation of the Lanham Act, 15 U.S.C. §1125(a), in that

21  they:

22                      (a)     involve goods or services;

23                      (b)     are activities which affect interstate commerce; and

24                      (c)     are likely to cause confusion or deception as to the origin of the
                               Infringing Merchandise in that they falsely represent that such
25                             merchandise is made by, sponsored by, or otherwise associated
                               with the Artist or the plaintiff;
26

27              4.      Defendants, and those acting in concert or participation with them, will

28  continue to sell such unauthorized Infringing Merchandise in connection with the Artist's

1   concerts unless enjoined by the Court; and

2       5.    Copies of this Court's January 21,1999 Order to Show Cause, and the

3   summons and complaint, have been served upon the defendants, and Infringing

4   Merchandise has been obtained from the defendants;

5       **NOW, THEREFORE, IT IS HEREBY ORDERED** that defendants, their agents,

6   servants, employees, attorneys, successors, assigns, and all persons, firms, and

7   corporations acting in concert or participation with said defendants, are enjoined and

8   restrained from:

9       (a)    Using the Artist's Trademarks in connection with the sale, offering for
10              sale, distribution, or advertising of any clothing or other merchandise; or

11      (b)    Manufacturing, distributing, selling, or holding for sale any clothing or
               other merchandise which carries or otherwise uses the Artist's
12             Trademarks; or

13      (c)    Aiding, abetting, inducing, or encouraging another to perform any of the
               acts enjoined herein.

14

15      **IT IS FURTHER ORDERED** that the United States Marshal for this district and

16  the United States Marshal for any district in which plaintiff seeks to enforce this order, upon

17  plaintiff's advancing such sum as is required to cover their fees and expenses, or local law

18  enforcement officials, plaintiff's counsel, representatives, or individuals acting under their

19  respective authorization or supervision, are authorized, and the appropriate local or state

20  police and other law enforcement authorities are hereby similarly authorized, to seize and

21  impound any and all Infringing Merchandise bearing the Artist's Trademarks which

22  defendants, or their agents, servants, employees, successors and assigns, and all those

23  acting in concert or participation with them, attempt to sell or are holding for sale in the

24  vicinity of the Artist's concerts or elsewhere where such Infringing Merchandise is being sold,

25  held for sale, or is otherwise found, including any carton, bag, container, or other means of

26  carriage in which the Infringing Merchandise is transported or stored.

27      **IT IS FURTHER ORDERED** that such confiscated merchandise shall be

28  delivered to plaintiff's counsel or representatives, or their designees, pending final disposition

1  of this action. All clothing, jewelry, photographs, posters and other merchandise bearing the

2  Artist's Trademarks which is sold, or held for sale, in the vicinity of the Artist's performance

3  locations, or elsewhere where such merchandise is held for sale or otherwise found, shall be

4  deemed to be merchandise subject to the seizure provisions of this order.

5      IT IS FURTHER ORDERED that this preliminary injunction is conditioned upon

6  personal service of a copy of this order and the summons and complaint being made upon

7  the defendants or other persons enjoined hereby contemporaneously with the seizure

8  authorized herein.

9      IT IS FURTHER ORDERED that all unauthorized items heretofore or hereafter

10  seized in this action be delivered up to the plaintiff pending final disposition of this matter.

11      IT IS FURTHER ORDERED that the injunctive and seizure provisions of this

12  order shall expire upon conclusion of the Artist's concert performance tour, unless otherwise

13  extended by further order of this Court.

14      IT IS FURTHER ORDERED that the bond in the amount of $10,000.00

15  heretofore deposited with the Clerk of this Court to secure payment of costs incurred in

16  enforcing the provisions of the temporary restraining order is hereby continued until final

17  disposition of this matter or further order of this Court.

18

19                            Saundra B. Armstrong

20                            Honorable Saundra B. Armstrong
                            United States District Court Judge

21  DATED:    January 26, 1999
22            Oakland, California

23            3:58 pm

24  SF 192272 v1

25

26

27

28

ORDER OF PRELIMINARY INJUNCTION AND ORDER OF SEIZURE
CASE NO.C.99-0143 (EDL)                                        - 4 -

# Exhibit L

1  TOWNSEND and TOWNSEND and CREW LLP
   Mark A. Steiner (SBN 88124)
2  Marc M. Gorelnik (SBN 166833)
   Two Embarcadero Center, 8th Floor
3  San Francisco, California  94111-3834
   Tel:  (415) 576-0200
4  Fax:  (415) 576-0300

5  LOEB & LOEB LLP
   Barry I. Slotnick
6  Jacques M. Rimokh
   345 Park Avenue
7  New York, New York  10154
   Tel:  (212) 407-4000
8  Fax:  (212) 407-4990

9  Attorneys for Plaintiff,
   TOOL TOURING, INC.

10              UNITED STATES DISTRICT COURT
11            NORTHERN DISTRICT OF CALIFORNIA
                  SAN FRANCISCO DIVISION

12

13  TOOL TOURING, INC.,                    )
    a California Corporation,              )   Case No. C 01-03021 VRW
14                          Plaintiff,     )
                                           )   **ORDER TO SHOW CAUSE ON MOTION**
15            -against-                    )   **FOR PRELIMINARY INJUNCTION WITH**
                                           )   **TEMPORARY RESTRAINING ORDER**
16  JOHN DOES 1-100, JANE DOES 1-100,      )   **AND ORDER OF SEIZURE**
    AND XYZ COMPANIES 1-100,               )
17                                         )
                            Defendants.    )
18  -------------------------------------------

19          Plaintiff's motion for an order to show cause with a temporary restraining order and order

20  of seizure against unknown defendants came on for hearing on August 9, 2001. Having considered the

21  argument and evidence submitted by plaintiff, the Court determines that good cause exists for plaintiff's

22  motion. Plaintiff's motion is GRANTED subject to the limitations of this Order.

23          IT IS HEREBY ORDERED that defendants, their identities being unknown, shall show

24  cause before this Court on Monday, August 13, 2001, at 9:30 a.m., in Courtroom 6 at 450 Golden Gate

25  Avenue, San Francisco, California, or as soon thereafter as counsel may be heard, why an order pursuant

26  to Federal Rule of Civil Procedure 65 should not be entered, granting the plaintiff a preliminary

27  injunction, enjoining the defendants and all those acting in concert with defendants, from the

28  unauthorized manufacture, distribution, sale or holding for sale of clothing, jewelry, photographs,

posters and other merchandise bearing the name, logo, likeness or trademark of the Artist, Tool.

IT IS FURTHER ORDERED that, pending a hearing and determination of this motion, the defendants, their agents, servants, employees, attorneys, successors, and assigns, and all persons, firms, corporations, acting in concert with the defendants, be and are hereby temporarily restrained from manufacturing, distributing and selling the infringing merchandise bearing the Artist's trademarks.

IT IS FURTHER ORDERED that the United States Marshal for the Northern District of California, state and local police, local deputy sheriffs, counsel for plaintiff, plaintiff's representatives, and persons acting under their supervision, are authorized to seize and impound any and all infringing merchandise bearing the Artist's trademark which defendants, or those acting in concert with them, attempt to sell or are holding for sale in connection with the Artist's concert performances in Berkeley, California, on August 10 and 11, 2001, including any carton, container, or other means of carriage in which the infringing merchandise is found.

IT IS FURTHER ORDERED that this temporary restraining order is conditioned upon the plaintiff filing with the clerk of this court an undertaking in the form of a bond, check or cash, in the amount of $10,000, to secure the payment of costs and damages not to exceed that sum as may be suffered or sustained by any party who is wrongfully restrained by this order.

IT IS FURTHER ORDERED that this order is conditioned upon the plaintiff advancing to the United States Marshal such sum as is required to cover the fees for the Marshal's services in the event the plaintiff seeks the services of the United States Marshal in this District.

IT IS FURTHER ORDERED that service of copies of the order to show cause, together with the summons and complaint, shall be made upon the defendants in accordance with the Federal Rules of Civil Procedure or by the United States Marshal, state or local police, local deputy sheriffs or any person over the age of 18 and not a party to the action, selected for that purpose by the plaintiff in connection with this proceeding.

Dated: August 10, 2001.

_____
Hon. Vaughn R. Walker
UNITED STATES DISTRICT JUDGE

SF 1257408 v1