TOWNSEND AND TOWNSEND AND CREW LLP
MARC M. GORELNIK (State Bar No. 166833)
JUDITH M. SCHVIMMER (State Bar No. 230285)
Two Embarcadero Center, 8th Floor
San Francisco, California  94111
Telephone: 415.576.0200
Facsimile: 415.576.0300
Email:  mmgorelnik@townsend.com
        jmschvimmer@townsend.com

LOEB & LOEB LLP
BARRY I. SLOTNICK
BRYAN I. REYHANI
345 Park Avenue
New York, NY  10154-0037
Telephone:  212.407.4000

Attorneys for Plaintiff
Steerpike Productions, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STEERPIKE PRODUCTIONS, INC., a Delaware corporation,<br><br>     Plaintiff,<br><br>  v.<br><br>STEPHAN ANDREW WILLIAMS, LOUIS BLACK, and ERIC HALL, individuals residing in California, and JOHN DOES 4-100, JANE DOES 1-100, and XYZ COMPANIES 1-100,<br><br>     Defendants. | Case No.    C 07-02989 RMW<br><br>**FIRST AMENDED COMPLAINT**<br><br>Original Complaint Filed:  June 8, 2007<br><br>The Honorable Ronald M. Whyte |

Plaintiff Steerpike Productions, Inc. ("SPI"), by its attorneys Townsend and Townsend and Crew LLP, and Loeb & Loeb LLP, complaining of Defendants herein, alleges as follows:

## NATURE OF THE ACTION

1. This action arises under the Lanham Trademark Act of 1946, 15 U.S.C. § 1051 *et seq.* (the "Lanham Act"), under Section 3344(a) of the California Civil Code, and under the common law of the State of California.

## JURISDICTION AND VENUE

2. This Court has jurisdiction of the claims herein pursuant to Sections 1331 and 1338 of the Judicial Code, 28 U.S.C. §§ 1331 and 1338, and through the Court's pendent jurisdiction. Venue is proper under 28 U.S.C. § 1391 because the Defendants are subject to personal jurisdiction in this district.

## INTRADISTRICT ASSIGNMENT

3. Plaintiff requested that this action should be assigned to this Court's Oakland Division on the basis that a substantial part of the events giving rise to this action have occurred in Alameda County, and Defendants were present in Alameda County upon service of the original Complaint and Temporary Restraining Order. The Court has assigned this action to the San Jose Division.

## PARTIES

4. Steerpike Productions, Inc. ("SPI") is a Delaware corporation having its principal place of business at 250 West 57th Street, 11th Floor, Suite 1101, New York, New York 10107. Pursuant to an agreement (the "Agreement") between SPI and the world-famous musical group known as THE POLICE (the "Artist"), SPI has been granted an exclusive license to use, or authorize the use of, the Artist's name, logos, likenesses and trademarks (collectively, the "Trademark") on and in connection with various types of music-related merchandise sold and offered for sale in the vicinity of the Artist's concert performances on its current North American concert tour (the "Tour"). The merchandise that is and will continue to be offered for sale by SPI at the Artist's concerts includes, without limitation, tour and program books, T-shirts, jerseys, sweatshirts, hats, visors, buttons, and posters (collectively, the "Tour Merchandise").

5. The Artist's name has been used for years to identify it as a rock music group in all

1  phases of the entertainment industry and to distinguish the Artist from all other such groups.

2      6.     In the immediate vicinity of the Artist's concert held at the McAfee Coliseum in

3  Oakland, California on June 13, 2007 (the "Oakland Show"), Defendants Stephan Andrew Williams

4  ("Williams"), Louis Black ("Black"), and Eric Hall ("Hall") were caught selling unauthorized

5  merchandise bearing the Artist's Trademark (the "Bootleg Merchandise").  The Bootleg Merchandise

6  was seized by Plaintiff's agents under the authority of this Court's June 8th Temporary Restraining

7  Order, Order of Seizure, and Order to Show Cause re Preliminary Injunction.  The named Defendants

8  reported to be California residents, with Williams residing at 258 Coronado Avenue, Long Beach,

9  California, 90803, Black at 10905 Ohio Avenue Apt. 123, Los Angeles, California, 90024, and Hall at

10  1385 North Lake Avenue, Pasadena, California, 91104.  Remaining in this action are John Does 4-

11  100,  Jane Does 1-100, and XYZ Companies 1-100, whose identities are not presently known. This

12  Complaint will be further amended to include the names of such individuals and entities when

13  identified.  Defendants, through their presence in and about the Oakland Show, are subject to this

14  Court's jurisdiction.  The named and unnamed Defendants shall be referred to collectively as

15  "Defendants."

16

17                          **FIRST CAUSE OF ACTION**
                              **(LANHAM ACT)**

18      7.     SPI repeats and realleges each allegation set forth in paragraphs 1 through 6 above.

19      8.     The Artist has used its name and Trademark to identify officially authorized goods and

20  services and to distinguish the Artist from other musical performing groups.  The Artist has, among

21  other things, prominently displayed the Trademark in advertising and promotional material and on

22  compact disc and audiotape boxes and merchandise, including Tour Merchandise.  SPI and the Artist

23  have realized, and expect to realize, substantial income from the sale of merchandise bearing the

24  Artist's Trademark (including the Tour Merchandise), and hundreds of thousands of such items have

25  been sold throughout the United States.

26      9.     As a result of the foregoing, the Artist's Trademark has developed and now possesses

27  secondary and distinctive meaning to purchasers of the Tour Merchandise.

28      10.     The Artist has achieved wide renown during its career in the music industry.  The

1   Artist's Trademark has been used in interstate commerce on and for the purpose of identifying, among

2   other things, Tour Merchandise, including T-shirts and other apparel.

3          11.    The Artist has a decidedly strong and loyal following among concert goers and record

4   buyers.  The Artist has appeared — and will appear — in concerts at major arenas and stadiums in the

5   United States and around the world and has been seen and heard in concert by millions of popular

6   music enthusiasts.

7          12.    The Artist commenced its Tour on May 28, 2007, and will continue with shows at

8   major venues throughout the United States and Canada through August 2007, including the Oakland

9   Show.  This Tour is the first North American tour by the Artist since its 1984 "Synchronicity" concert

10  tour.

11         13.    Pursuant to the Agreement, SPI is exclusively authorized to distribute, and intends to

12  distribute, Tour Merchandise at or near the site of the Artist's concerts, including the Oakland Show.

13         14.    Defendants have engaged, and, upon information and belief,  will continue to engage,

14  in the unauthorized manufacture, distribution, and sale of inferior merchandise bearing the Artist's

15  Trademark (the "Bootleg Merchandise") in the vicinity of the Artist's concerts.  The Defendant

16  bootleggers and counterfeiters sold and attempted to sell  Bootleg Merchandise at the Oakland Show,

17  and Plaintiff believes that Defendants will attempt to sell Bootleg Merchandise at subsequent concerts.

18         15.    The Bootleg Merchandise is of the same general appearance as the Tour Merchandise

19  and is likely to confuse prospective purchasers as to the source or sponsorship of such Bootleg

20  Merchandise.

21         16.    Upon information and belief, the Bootleg Merchandise is generally of inferior quality.

22  The sale of such merchandise is likely to injure the reputation of the Artist and SPI, which has

23  developed by virtue of the Artist's public performances and the reputation for high quality associated

24  with the Tour Merchandise.

25         17.    The manufacture, distribution and sale of Bootleg Merchandise by Defendants, and

26  those acting in concert with Defendants, constitutes a false designation of the source of origin of such

27  goods and falsely describes and represents such merchandise, in violation of Section 43(a) of the

28  Lanham Act, 15 U.S.C. § 1125(a).

18.    The aforesaid acts by Defendants, and those acting in concert with Defendants, are likely to cause the purchasing public to believe that the sale of such Bootleg Merchandise is authorized, sponsored or approved by the Artist and SPI and that such Bootleg Merchandise is subject to the same quality control and regulation required by the Artist and SPI.

19.    The use by Defendants and others of the Artist's Trademark constitutes an attempt to palm off and appropriate to themselves the Artist's and SPI's exclusive rights therein.

20.    Upon information and belief, Defendants, and those acting in concert with Defendants, have engaged — and will continue to engage — in such unauthorized activities in this state and elsewhere in interstate commerce and are likely to continue such activities throughout the Tour, to the great injury of SPI and the Artist.

21.    SPI has no adequate remedy at law and has suffered, and will continue to suffer, irreparable harm and damage as a result of Defendants' aforesaid acts, which, if not enjoined, will cause injury and monetary loss in an amount presently incalculable.

## SECOND CAUSE OF ACTION
### (Unfair Competition)

22.    SPI repeats and realleges each allegation set forth in paragraphs 1 through 21 above.

23.    Upon information and belief, the aforesaid acts by Defendants and others have been, and will continue to be, committed with full knowledge of the rights of SPI and the Artist, and have the effect of misleading and confusing the public and misappropriating and trading upon the property rights, goodwill, and reputation inhering to the name and likeness of the Artist.

24.    Such misappropriation and unfair competition will interfere with SPI's rights and ability to exploit the commercial value of the Artist's Trademark.

25.    SPI has no adequate remedy at law and has suffered, and will continue to suffer, irreparable harm and damage as a result of Defendants' aforesaid acts, which, if not enjoined, will cause injury and monetary loss in an amount presently incalculable.

## THIRD CAUSE OF ACTION
### (Right of Publicity Cal. Civ. Code § 3344)

26.    SPI repeats and realleges each allegation set forth in paragraphs 1 through 25 above.

27.     The aforesaid acts by Defendants and those acting in concert with Defendants involve the knowing use of the Artist's name and/or likeness without consent in violation of California Civil Code Section 3344(a).

28.     SPI has no adequate remedy at law and has suffered, and will continue to suffer, irreparable harm and damage as a result of Defendants' aforesaid acts, which, if not enjoined, will cause injury and monetary loss in an amount presently incalculable.

### FOURTH CAUSE OF ACTION
### (Common Law Right of Publicity)

29.     SPI repeats and realleges each allegation set forth in paragraphs 1 through 28 above.

30.     By virtue of the expenditures of time, effort, and talent by the Artist and SPI in advertising, publicizing and promoting the accomplishments of the Artist and through extensive commercial exploitation of its public persona, the Artist and SPI have created rights of publicity in the Artist's name.

31.     Defendants have used, and will continue to use, the Artist's Trademarks without authorization and for purposes of trade and for other commercial purposes.

32.     The aforesaid uses of the Trademark by Defendants constitute infringements of such rights of publicity.

33.     SPI has no adequate remedy at law and has suffered, and will continue to suffer, irreparable harm and damage as a result of Defendants' aforesaid acts, which, if not enjoined, will cause injury and monetary loss in an amount presently incalculable.

### PRAYER FOR RELIEF

WHEREFORE, SPI seeks relief as follows:

1.     That Defendants, their agents, servants, employees, officers, attorneys, successors, and assigns, and all persons acting in concert with Defendants, or on their behalf, be enjoined, in this and all other judicial districts in the United States, preliminarily during the course of this litigation and permanently, from:

(a)     manufacturing, distributing, selling, offering for sale, holding for sale or advertising any products bearing the name, trademark, or likeness of the Artist or any colorable

1    variation thereof;

2            (b)        representing that any article of merchandise manufactured, distributed, sold,

3    held for sale or advertised by them is sponsored or authorized by SPI in this district or in any other

4    district in which SPI seeks to enforce this Court's injunction order.

5        2.        That this Court authorize the United States Marshal, authorized agents of SPI, the local

6    and state police, and/or any persons acting under their supervision, to seize and impound any and all

7    Bootleg Merchandise which the Defendants attempt to sell, distribute or hold for sale at, within, or in

8    the vicinity of the arenas at which the Artist is performing, before, during or after said concerts.

9        3.        That Defendants deliver up for destruction all Bootleg Merchandise bearing the name,

10   trademark, or likeness of the Artist.

11       4.        That Defendants pay to SPI damages in an amount to be determined based upon SPI's

12   loss of income from Defendants' unauthorized activities.

13       5.        That SPI have such other and further relief as the Court deems to be reasonable,

14   necessary, and just.

15

16   DATED:  June 14, 2007                Respectfully submitted,

17                                        TOWNSEND AND TOWNSEND AND CREW LLP

18

19                                        By:_____/s/_____
                                             Marc M. Gorelnik
20
                                          Attorneys for Plaintiff
21                                        Steerpike Productions, Inc.

22

23   61077312 v1
24

25

26

27

28