1  TOWNSEND AND TOWNSEND AND CREW LLP
   MARC M. GORELNIK (State Bar No. 166833)
2  JUDITH M. SCHVIMMER (State Bar No. 230285)
   Two Embarcadero Center, 8th Floor
3  San Francisco, California 94111
   Telephone: 415.576.0200
4  Facsimile: 415.576.0300
   Email: mmgorelnik@townsend.com
5         jmschvimmer@townsend.com

6  LOEB & LOEB LLP
   BARRY I. SLOTNICK
7  BRYAN I. REYHANI
   345 Park Avenue
8  New York, NY 10154-0037
   Telephone: 212.407.4000
9
   Attorneys for Plaintiff
10 Steerpike Productions, Inc.

FILED
2007 JUN 15 A 10: 53
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| STEERPIKE PRODUCTIONS, INC., | Case No.   C-07-02989 RMW |
|---|---|
| Plaintiff, | [PROPOSED] ORDER OF PRELIMINARY INJUNCTION AND ORDER OF SEIZURE |
| v. | Date: Friday, June 15, 2007 |
| JOHN DOES 1-100, JANE DOES 1-100, and XYZ COMPANIES 1-100, | Time: 9:00 a.m. |
| Defendants. | Judge: The Honorable Ronald M. Whyte |
|  | Courtroom: San Jose, Crtrm 6, 4th Foor |

1    Plaintiff having moved by Order to Show Cause for an injunction enjoining and restraining the
2    Defendants, and those acting in concert with them, from manufacturing, selling and/or distributing
3    merchandise bearing the name, logo, likeness, and trademarks (collectively, the "Trademarks") of the
4    musical performing group professionally known as THE POLICE (the "Artist"), and service of the
5    summons and complaint having been effected upon the Defendants; and Plaintiff's application for a
6    preliminary injunction and order of seizure having come on for a hearing before the Honorable
7    Ronald M. Whyte, United States District Judge, on the 15th day of June, 2007, at the United States
8    District Court for the Northern District of California, San Jose Division, 280 South 1st Street, San
9    Jose, California 95113, and Defendants having been notified of said hearing, and Plaintiff having
10   appeared by its counsel, and there having been no other appearances;

**NOW,** on presentation and consideration of Plaintiff's application for a preliminary injunction and order of seizure, the declarations and affidavits submitted in support thereof, and the entire record in this case, the Court finds as follows:

1. By reason of the long, substantial and continuous use of the Artist's name, the said name has acquired a meaning identified with the Artist and with products and services associated with them;

2. The Defendants, and those acting in concert or participation with them, have infringed upon Plaintiff's and the Artist's rights in the Artist's Trademarks and rights of publicity, and have as well committed acts of unfair competition against the Plaintiff and the Artist, by manufacturing, distributing, offering for sale, and selling unauthorized merchandise bearing the Artist's Trademarks (the "Infringing Merchandise") at or near the sites of the Artist's concerts, including the Artist's concert in Oakland, California, without having obtained a license or any other authorization to do so;

3. The said acts of the Defendants, and those acting in concert or participation with them, constitute a violation of the Lanham Act, 15 U.S.C. § 1125(a), in that they:

    (a)    involve goods or services;

    (b)    are activities which affect interstate commerce; and

    (c)    are likely to cause confusion or deception as to the origin of the Infringing Merchandise in that they falsely represent that such merchandise is made by,

sponsored by, or otherwise associated with the Artist or the plaintiff;

4. Defendants, and those acting in concert or participation with them, will continue to sell such unauthorized Infringing Merchandise in connection with the Artist's concerts unless enjoined by the Court; and

5. Copies of this Court's June _8_, 2007 Order to Show Cause, and the summons and complaint, have been served upon the Defendants, and Infringing Merchandise has been obtained from the Defendants;

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Defendants, their agents, servants, employees, attorneys, successors, assigns, and all persons, firms, and corporations acting in concert or participation with said defendants, are enjoined and restrained from:

 i) Using the Artist's Trademarks in connection with the sale, offering for sale, distribution, or advertising of any clothing or other merchandise; or

 ii) Manufacturing, distributing, selling, or holding for sale any clothing or other merchandise which carries or otherwise uses the Artist's Trademarks; or

 iii) Aiding, abetting, inducing, or encouraging another to perform any of the acts enjoined herein.

**IT IS FURTHER ORDERED** that the United States Marshal for this district and the United States Marshal for any district in which Plaintiff seeks to enforce this order, upon Plaintiff's advancing such sum as is required to cover their fees and expenses, or local law enforcement officials, Plaintiff's counsel, representatives, or individuals acting under their respective authorization or supervision, are authorized, and the appropriate local or state police and other law enforcement authorities are hereby similarly authorized, to seize and impound any and all Infringing Merchandise bearing the Artist's Trademarks which Defendants, or their agents, servants, employees, successors and assigns, and all those acting in concert or participation with them, attempt to sell or are holding for sale in the vicinity (within 25 miles of each concert venue) of the Artist's concerts or elsewhere where such Infringing Merchandise is being sold, held for sale, or is otherwise found, including any carton, bag, container, or other means of carriage in which the Infringing Merchandise is transported or stored.

1  **IT IS FURTHER ORDERED** that such confiscated merchandise shall be delivered to Plaintiff's counsel or representatives, or their designees, pending final disposition of this action. All clothing, jewelry, photographs, posters and other merchandise bearing the Artist's Trademarks which is sold, or held for sale, in the vicinity of the Artist's performance locations, or elsewhere where such merchandise is held for sale or otherwise found, shall be deemed to be merchandise subject to the seizure provisions of this order.

**IT IS FURTHER ORDERED** that this preliminary injunction is conditioned upon personal service of a copy of this order and the summons and complaint being made upon the Defendants or other persons enjoined hereby contemporaneously with the seizure authorized herein.

**IT IS FURTHER ORDERED** that all unauthorized items heretofore or hereafter seized in this action be delivered to the plaintiff, or to plaintiff's authorized representative, pending final disposition of this matter.

**IT IS FURTHER ORDERED** that the injunctive and seizure provisions of this order shall expire upon conclusion of the Artist's concert performance tour, unless otherwise extended by further order of this Court.

**IT IS FURTHER ORDERED** that the undertaking in the amount of $10,000.00 heretofore deposited by Plaintiff with the Clerk of this Court is hereby continued until final disposition of this matter or further order of this Court.

Dated: June 15, 2007

_/s/ Ronald M. Whyte_
Hon. Ronald M. Whyte
UNITED STATES DISTRICT JUDGE

61064937 v1