E-filed: 1/30/2008

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEERPIKE PRODUCTIONS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>STEPHAN ANDREW WILLIAMS, LOUIS BLACK, and ERIC HALL, individuals residing in California, and JOHN DOES 4-100, JANE DOES 1-100, and XYZ COMPANIES 1-100,<br><br>Defendants. | Case No.   C-07-02989 RMW<br><br>**DEFAULT JUDGMENT AND PERMANENT INJUNCTION** |

The Clerk of the Court entered the default of defendants Stephan Andrew Williams, Louis Black, and Eric Hall (collectively, the "Defendants") on September 14, 2007. Plaintiff now moves for entry of default judgment and permanent injunction. The Court has jurisdiction over the parties and the subject matter.

1. Plaintiff brought this action to enjoin and restrain the Defendants, and those acting in concert with them, from manufacturing, selling and/or distributing merchandise bearing the name, logo, likeness, and trademarks (collectively, the "Trademarks") of the musical performing group

1 professionally known as THE POLICE (the "Artist").

2     2.      By reason of the long, substantial and continuous use of the Artist's name, the said name has acquired a meaning identified with the Artist and with products and services associated with them.

    3.      The Defendants, and those acting in concert or participation with them, have infringed upon Plaintiff's and the Artist's rights in the Artist's Trademarks and rights of publicity, and have as well committed acts of unfair competition against the Plaintiff and the Artist, by manufacturing, distributing, offering for sale, and selling unauthorized merchandise bearing the Artist's Trademarks (the "Infringing Merchandise") at or near the sites of the Artist's concerts, including the Artist's concert in Oakland, California, without having obtained a license or any other authorization to do so. The said acts of the Defendants, and those acting in concert or participation with them, constitute violations of the Lanham Act, 15 U.S.C. § 1125(a), California Civil Code § 3344, and the Artist's common law right of publicity.

    4.      Judgment is entered against Defendants Stephan Andrew Williams, Louis Black, and Eric Hall with respect to each claim in the First Amended Complaint.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Defendants, their agents, servants, employees, attorneys, successors, assigns, and all persons, firms, and corporations acting in concert or participation with said defendants, are enjoined and restrained from:

    i)      Using the Artist's Trademarks in connection with the sale, offering for sale, distribution, or advertising of any clothing or other merchandise; or

    ii)      Manufacturing, distributing, selling, or holding for sale any clothing or other merchandise which carries or otherwise uses the Artist's Trademarks; or

    iii)      Aiding, abetting, inducing, or encouraging another to perform any of the acts enjoined herein.

**IT IS FURTHER ORDERED** that the United States Marshal for this district and the United States Marshal for any district in which Plaintiff seeks to enforce this permanent injunction, upon Plaintiff's advancing such sum as is required to cover their fees and expenses, or local law

Steerpike Productions, Inc. v. Stephan Andrew Williams, John Does, et al.
DEFAULT JUDGMENT AND PERMANENT INJUNCTION
Case No. C-07-02989 RMW

2

1  enforcement officials, Plaintiff's counsel, representatives, or individuals acting under their respective
2  authorization or supervision, are authorized, and the appropriate local or state police and other law
3  enforcement authorities are hereby similarly authorized, to seize and impound any and all Infringing
4  Merchandise bearing the Artist's Trademarks which Defendants, or their agents, servants, employees,
5  successors and assigns, and all those acting in concert or participation with them, attempt to sell or are
6  holding for sale in the vicinity (within 25 miles of each concert venue) of the Artist's concerts or
7  elsewhere where such Infringing Merchandise is being sold, held for sale, or is otherwise found,
8  including any carton, bag, container, or other means of carriage in which the Infringing Merchandise
9  is transported or stored.

10      **IT IS FURTHER ORDERED** that such confiscated merchandise shall be delivered to
11  Plaintiff's counsel or representatives, or their designees, pending resolution of contempt proceedings
12  brought on account of the violation of this permanent injunction.  All clothing, jewelry, photographs,
13  posters and other merchandise bearing the Artist's Trademarks which is sold, or held for sale, in the
14  vicinity of the Artist's performance locations, or elsewhere where such merchandise is held for sale or
15  otherwise found, shall be deemed to be merchandise subject to the seizure provisions of this order.

16      **IT IS FURTHER ORDERED** that the Court shall retain jurisdiction over this action for the
17  purposes of enforcing, construing, clarifying, and modifying this Default Judgment and Permanent
18  Injunction and addressing violations thereof.

20  Dated:  _____1/30/2008_____

_Ronald M. Whyte_
The Honorable Ronald M. Whyte
United States District Court Judge

Steerpike Productions, Inc. v. Stephan Andrew Williams, John Does, et al.
DEFAULT JUDGMENT AND PERMANENT INJUNCTION
Case No. C-07-02989 RMW

3